George Tilzer, J.
These motions for injunction, argued together, and considered simultaneously, are, for all purposes, deemed consolidated.
Preliminarily, the court was apprised by all parties that in the matter of the New York City Tr. Auth., plaintiff, v. John W. Rowland et al., application was made to the United States District Court (Southern District of New York) for removal to that court. On motion of the plaintiff to remand this cause to the Supreme Court of New York County, State of New York, the said application to remand was in all respects granted in view of the fact that this action was not properly removable to the United States District Court for the Southern District of New York. Accordingly, an order was made on December 31, 1965 by Honorable Sylvester J. Ryan, Chief Judge of that court, to that effect.
This’ action was instituted to obtain an injunction against the defendants from calling a strike which is to commence at 5:00 a.m. on January 1, 1966, and from urging and instigating plaintiff’s employees to join such strike. Upon the extended arguments in behalf of all the parties and the briefs submitted by them, and because of the exigencies of time, this court renders this brief opinion dispositive of the issues.
They allege, and have established, that the defendants have called a strike of the plaintiff’s employees to commence at or about 5:00 a.m. on January 1, 1966. This threat hangs ominously over the lifeline of all the citizens of the City of New York, and should a strike be actually called as 5:00 a.m., as threatened, general paralysis of the activities of the inhabitants of this city will ultimately ensue.
The law on this subject has been enunciated and followed beyond peradventure of any doubt. In the leading case of New York City Tr. Auth. v. Loos (2 Misc 2d 733 [1956], affd. 3 A D 2d 740 [1st Dept., 1957]) the court granted a temporary injunction restraining certain employees from striking or instigating a strike or other work stoppage. This case was cited with approval in Matter of Lerner v. Casey (2 N Y 2d 355, affd. 357 U. S. 468, reh. den. 358 U. S. 858 [1958]) in which Chief Judge Conway reached the conclusion that the Transit *942 Authority had been properly designated a security agency and stated (p. 367): “ The Transit Authority performs a function necessary to the security or defense of the nation and the state. This fact Avas vividly demonstrated recently when certain New York City subway motormen went out on strike. Mr. Justice Lupiaho, Special Term, New York County, in issuing an injunction against those motormen, aptly pointed out (New York City Tr. Auth. v. Loos, 2 Misc 2d 733, 738): ‘ It is easy to forget, while the subAvays are running, that there is room for motor vehicles on the streets only because millions travel by subway; for if all persons had to use surface transportation, the bridges and tunnels and main highways would soon be hopelessly clogged. New York with its immense territory and its five separate boroughs, all protected by unified police and fire departments and having many other integrated services, is dependent for its very life and daily functioning, and for the immediate safety of its 8,000,000 inhabitants, on rapid transit facilities which are necessarily used by nearly all persons engaged in all of its governmental and other vital functions. Whatever may be the case elsewhere, and under other conditions, whatever may have been the case in other times, here and now, and for this city, the operation of the rapid -transit facilities is a basic governmental service indispensable to the conduct of all other governmental as well as private activities necessary for the public welfare. It is worth re-emphasizing that the subways are the city’s arteries upon which its life and daily living depend. ’ ”
Similarly, in 1962, Mr. Justice. Hecht enjoined a strike by public school teachers, holding that they were engaged in a vital public service (Board of Educ. of City of N. Y. v. United Federation of Teachers, N. Y. L. J., April 12, 1962, p. 14, col. 3).
In July, 1964, Mr. Justice Arthur Markewich enjoined a strike by employees engaged in the operation of the city-owned ferry boats (City of New York v. United Marine Division of National Maritime Union, N. Y. L. J., July 20, 1964, p. 8, col. 7).
Similarly, on January 6,1964, in granting a temporary injunction in a similar matter, Mr. Justice Hofstadter held (New York City Tr. Auth. v. Quill, N. Y. L. J., Jan. 6, 1964, p. 15, col. 1): “ The catastrophic consequences of a strike by the members of defendant unions warrant the intervention of a court of equity and the exercise of its process.”
The plaintiff further contended that such a strike would not only be unlawful, but would also cause great chaos in the City of New York.
*943 In answer to this contention by the plaintiff, the defendants urge that the Condon-Wadlin Act, having been substantially amended in 1963, and the amending statute having lapsed by its terms on July 1, 1965, the Condon-Wadlin Act is no longer in effect, and neither injunctive nor punitive action may be predicated upon it. An examination of what occurred by the Legislature at that time clearly indicates that the amendment had reference only to violations of the said act and the enforcement of certain punitive measures, and had no effect whatsoever on the Condon-Wadlin Act.
The effect of a strike of these essential services would tragically and disastrously affect the people of the City of New York. It is well to point out that subdivision 2 of section 1202 of the Public Authorities Act holds as follows with respect to the Transit Authority: ‘ ‘ It is hereby found and declared that such purposes are in all respects for the benefit of the people of the state of New York and the authority shall be regarded as performing a governmental function in carrying out its corporate purpose and in exercising the powers granted by this title.”
This court holds that the plaintiff is entitled to a preliminary injunction under the Condon-Wadlin Act, and further holds that even if there had never been a Condon-Wadlin Act, it would be the duty of this court to enjoin a strike by plaintiff’s employees as unlawful and contrary to the policy of this State.
This court, in the case of Mt. Sinai Hosp. v. Davis (17 Misc 2d 727, 730 [Sup. Ct., N. Y. County 1959]) in granting a temporary injunction from continuing a strike against a voluntary hospital, stated: “ Labor’s right to strike in order to attain its legitimate objectives is of course well recognized in our law. nevertheless, it is not an unlimited and unrestrained right but must give way to the ever paramount consideration of public interest and public welfare.”
This court therefore holds that, even in the absence of the Condon-Wadlin Act, a clear case has been made out according to the common-law precepts accepted as the law for many years. The staggering effects of a strike at this time on the inhabitants of this city by far outweigh the rights of these defendants. All strikes are ultimately settled, and there is no substantial reason why these defendants should not be compelled to settle their differences with the Authority without such a heavy casualty on the inhabitants of the City of New York.
Both motions for injunctive relief are accordingly granted.