John P. Donohoe, J.
The issues of fact raised by this motion for a temporary injunction were tried by me on April 19, 1967. At the trial the defendants stipulated that they were public employees of the Department of Public Welfare of Westchester County.
The proof shows that on March 1, 1967 approximately 157 of these employees failed to report for work. Since March 1 a few of the employees who failed to report for work on that date resigned and a few returned to work. Exhibit No. 4 gives the names of 146 employees in the Department of Public Welfare who demanded a hearing to determine whether the provision of section 108 of the Civil Service Law had been violated.
I find that these public employees were and are participants in a strike as defined by section 108 of the Civil Service Law and that with some others they first went on strike on March 1, 1967 and have continued to be on strike up to the present time. The striking activities included the picketing of the Westchester County Office Building in White Plains. The photographs show these pickets in White Plains and at other district offices carrying various signs one of which reads “ This is 1967 not 1867 Recognize the WWW A ” (Westchester Welfare Workers Association). Another sign reads Please talk to WWW A ” and a third sign reads “ We want to talk to you Mr. Michaelian ” (the County Executive).
One of the defendants who testified was Mrs. Ruth Kenworthy a Case Supervisor in the Child Welfare Division who had been in the employ of the county for the past 16 years. She testified about the turnover of help, case overloads and other problems. Upon cross-examination this witness was asked if quitting her job helped any. Her reply was substantially that I think that *643 what you gain ultimately is of more value than going on year after year with the same problems. This is further evidence of the belief of these employees that they can improve working conditions by striking.
It was stipulated by the county that none of the activities of the defendants constituted a breach of the peace and that there was no violence. As a body the defendants claimed to be ill. This claim of illness started with the telephone calls made by the employees who called in “ sick ” on March 1. On the oral argument of the motion on April 3 their attorney claimed that they were suffering from adult situational stress reactions. In support of their position defendants called a psychiatrist who described adult situational reaction as a transient personality disorder, resulting from frustration or pressure in cases where a person feels that he is not able to do as good a job as he would like to do. He testified that he had not examined any of the employees. As a matter of fact none of the employees who testified had gotten any medical attention except for Mrs. Spar who testified that she had severe tension pains and consulted a doctor on March 7 and he prescribed sedation.
The defendants have not established that their continued mass absence from work since March 1 was due to illness. The defendants who testified appeared to be well nourished, well adjusted, normal people. Their testimony was devoted solely to the conditions in the department, and specifically, lack of space, lack of equipment, case overloads, rapid turnovers of help, overwork, frustration, tension and a lack of opportunity for the training of new personnel. This presents a picture of the conditions under which these employees worked.
A great many people who hold positions of responsibility work and overwork under tension, stress and difficult conditions.
I find that the activities of the defendants were designed to and did interfere with the functioning of the Department of Public Welfare. The county offered considerable testimony relative to the disruption of services in various branches in the Department of Welfare and in the district offices which resulted in a minimum of services both to those already on welfare and to those trying to apply for assistance. The shifting of supervisory personnel resulted in disruption of the normal functioning of the department. In some cases employees who were not on strike refused to cross picket lines, further disrupting the work of the department.
Section 807 of the Labor Law forbidding the issuance of injunctions in labor disputes is not applicable to public employees. (Manhattan & Bronx Surface Tr. Operating Auth. v. *644 Quill, 48 Misc 2d 1021.) This court having found that the plaintiff has made an adequate factual showing sufficient to warrant a finding that defendants’ activities are substantially interfering with the activities of the Department of Welfare of the County of Westchester, the plaintiff’s motion for a temporary injunction is granted.