OPINION OF THE COURT
Alfred M. Lama, J.
This matter came before the court as a result of an order to show cause dated March 23, 1990. The order sought a temporary restraining order to prevent the County of Suffolk from involuntarily furloughing or laying off members of the plaintiff union. Plaintiff is the certified collective bargaining agent for Suffolk County’s employees. The show cause order further sought a preliminary injunction for the same relief granted therein as a result of the temporary restraining order. The complaint seeks a permanent injunction, any back wages for allegedly improperly laid off county employees and reinstatement of such employees.
Defendant cross-moved to vacate the temporary restraining order which request was denied by this Justice in open court on the record at the time oral argument was held on April 4, 1990. The restraining order remains in effect to the date hereof pursuant to that oral order in open court and a subsequent written order.
Additionally, by separate notice of motion, defendant moved for a dismissal of the action pursuant to CPLR 3211 (a) (2), (7) claiming that the court lacks subject matter jurisdiction and that the complaint fails to state a cause of action. The court will combine the original motion together with defendant’s motion under CPLR 3211 and decide both herein.
The entire dispute arises out of a collective bargaining agreement negotiated between the parties which resulted in a "memorandum of agreement” approved by both the Suffolk County Legislature and the membership of plaintiff union. The memorandum adopts most of the prior contract with certain specific changes therein stated. None of the changes are material to this proceeding. Therefore, in effect, we are dealing with the old contract and whether or not thereunder, the County Executive can unilaterally furlough and/or lay off county employees.
Much is made of the combined provisions of CPLR 6313 (a) and Labor Law § 807 which, read together, would prohibit this court from issuing either a temporary restraining order or preliminary injunction in a "labor dispute”. However, a *746 case of more than three decades in age makes a distinction between a "labor dispute” and "the proper interpretation, binding effect of, or duty to abide by, an existing contract between an employer and a labor union” (Republic Aviation Corp. v Republic Lodge No. 1987, Intl. Assn. of Machinists, 10 Misc 2d 783, 789 [Sup Ct, Queens County 1957]). Based on that case and the fact that it never was overruled or reversed, this court initially granted the temporary restraining order and entertained the application for a preliminary injunction. However, for the reasons hereinafter stated, this court now holds that the Republic Aviation Corp. case (supra) is incorrect and that this court cannot grant the relief sought by plaintiff herein.
Labor Law § 807 (1) states: "No court nor any judge or judges thereof shall have jurisdiction to issue any restraining order or a temporary or permanent injunction in any case involving or growing out of a labor dispute, as hereinafter defined, except after a hearing, and except after findings of all the following facts by the court or judge or judges thereof to be filed in the record of the case”. The subdivision then lists, in six paragraphs, the facts which must be found before any injunction or restraining order may be issued. Paragraphs (a) through (e) seem to refer to injunctions against labor rather than against management. Were that all that was included, this court might be willing to order injunctive relief on the grounds that his case does not fall within the proscription of the section. However, paragraph (f) (6) specifically controls the case at bar. It states that a court must affirmatively find that the injunctive relief will not prohibit a party from "Ceasing to * * * employ any person or persons”. That is precisely what plaintiff asks this court to do. Plaintiff union seeks an injunction which would prohibit the County Executive from ceasing to employ county employees. Therefore, unless this court either is willing to adopt the logic or rationale of the Republic case (supra), or finds some other reason to refuse to apply Labor Law § 807, this motion must be denied.
The Republic case (supra) makes little sense as this court views the problem. A dispute over the interpretation of a labor contract is precisely what at least 90% of labor disputes involve. To apply Republic, this court would have to hold that Labor Law § 807 has extremely limited application which it declines to do. However, that does not end the problem. It has been held that section 807 (formerly Civ Prac Act § 876-a) does not apply to public employees and that they are covered by *747 the Civil Service Law (County of Westchester v Arfmann, 53 Misc 2d 642 [Sup Ct, Westchester County 1967]; Manhattan & Bronx Surface Tr. Operating Auth. v Quill, 48 Misc 2d 1021 [Sup Ct, NY County 1966]).
Both of the last two cited cases deal with injunctions against strikes by public employees and, at least to the extent they apply to strikes by public employees, have been codified in Civil Service Law §211 which specifically excludes such situations from the ban on injunctive relief. However, by implication and pursuant to the old legal adage, "Inclusio unius est exclusio alteráis” (11 Coke 586), section 211 would seem to be saying that those two last cited cases are no longer, if they ever were, effective statements taking all public employee/employer disputes out of the ban against preliminary injunctive relief of section 807. Since section 211 specifically allows injunctive relief against strikes as an exclusion from section 807 and is silent as to other labor disputes, this court concludes that the ban under section 807 still applies to all other labor disputes involving public employees.
Therefore, in order to avoid the ban on preliminary injunctions, there must be a showing that the injunction meets all of the tests set forth in section 807 (1). This court already has stated that section 807 (1) (a), (b), (c), (d) and (e) apply only to actions by employees and that the injunctions could not possibly withstand a challenge on the grounds of section 807 (1) (f) (6) which, by its very wording, is what this case is all about. It is held, therefore, that this court lacks the power to issue a preliminary injunction in this action.
That leaves one crucial issue to be discussed. Does the court have subject matter jurisdiction at this stage of the controversy or must the plaintiff seek administrative relief first? One must look to the Taylor Law (Public Employees’ Fair Employment Act) which is article 14 of the Civil Service Law for the answer.
The Taylor Law sets up an administrative board known as the Public Employment Relations Board hereinafter referred to as PERB in the State Department of Civil Service (Civil Service Law § 205). That three-member board has as its function the resolution of certain disputes between public employees and their employers. However, the powers and scope of jurisdiction of PERB are not unlimited. The subdivision of section 205 which would cover this dispute, if any section does, is subdivision (5) (d). Only one portion of that subdivision could be considered relevant to the issues before this court.
*748 The relevant portion covers the promulgation or rules and procedures for "prevention of improper employer and employee organization practices as provided in section two hundred nine-a” of the Civil Service Law. Section 209-a (1) deals with improper employer practices and covers, inter alia, a refusal by a public employer to negotiate in good faith. Although there is no allegation that the County of Suffolk refused to negotiate in good faith, there now is a claim that they, in fact, did not so negotiate. There would appear to be no substantial difference between tacitly refusing to negotiate in good faith and verbalizing such a refusal. Good or bad faith is, by definition, a conscious choice. The entire concept of "faith” is one of awareness. By consciously not negotiating in good faith, employers are tacitly refusing to so do. An allegation that defendant did, in fact, fail to negotiate in good faith, therefore, is tantamount to alleging a refusal to negotiate in good faith. Therefore, this matter would fall within the purview of PERB’s adjudicative powers.
Section 205 (5) (d) gives PERB exclusive jurisdiction in such a case. Since the matter is one within PERB’s exclusive jurisdiction under that section because of the claim of failure to bargain in good faith, this action must be dismissed. Plaintiff has failed to exhaust its administrative remedies after which the results would be judicially reviewable under Civil Service Law § 213 and CPLR article 78.
However, enforcement of a binding contract falls within the equitable jurisdiction of this court as the successor to the ancient courts of chancery. Plaintiff has raised both the issue of negotiation in bad faith and the issue of an alleged attempt to breach the contract entered into between the parties. The plaintiff finds itself in something of a dilemma. If the contract was not negotiated in good faith by defendant, as the union claims, then it might be subject to being set aside by PERB or the courts at a later date and the old contract would go back into effect retroactively (see, Civil Service Law § 209-a [1] [e]). On the other hand, if the new agreement is valid and binding as the union also argues, it should be following the grievance procedures contained therein which do not provide for a determination by this tribunal, but require arbitration. In fact since that was not a provision changed by the memorandum, in either case (a PERB adjudication or an arbitration procedure) the action is prematurely brought in the Supreme Court.
*749 Ordered that the motion of plaintiff for a preliminary injunction is denied, and it is further ordered that the cross motion of defendant for dismissal of the action is granted and the action hereby is dismissed without costs to either side.