■ In the Matter of BERNARD FRANKLIN KASS.— Renewed motion by a disbarred attorney for reinstatement as a member of the Bar. Motion denied. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.

■ ROBERT COHEN et al., on Behalf of Themselves and Others of the Permanent Competitive Staff of the Goshen Annex Center, Respondents, v. DEPARTMENT OF SOCIAL SERVICES OF THE STATE OF NEW YORK et al., Appellants.— In an action to enjoin the defendants from (a) dealing with the Goshen Annex Center as a subordinate annex to the New Hampton School for Boys in the planned phaseout of said New Hampton School; (b) making the said Center a lay-off unit to accomplish the phaseout; (c) establishing a lay-off roster of the permanent competitive staff at the Center; and (d) laying off employees from said staff, defendants appeal from an order of the Supreme Court, Orange County, entered May 24, 1971, which granted a preliminary injunction incorporating the above-mentioned relief. Order reversed, without costs, motion denied, and case transferred to the Supreme Court, Albany County, for disposition according to law. It is our view that the motion for a preliminary injunction must be denied, as plaintiffs have not made out a clear right to the relief demanded (cf. *Paliotto* v. *Town of Islip*, 22 A D 2d 930; *Town of Southeast* v. *Gonnella*, 26 A D 2d 550; *Park Terrace Caterers* v. *McDonough*, 9 A D 2d 113). The State had a right to treat the Goshen Annex Center as an appropriate lay-off unit regardless of whether the Center may properly be regarded as an annex of the New Hampton School for Boys (see Civil Service Law, § 80, subd. 4; 4 NYCRR 72.1). Further, plaintiffs have not demonstrated that they will be irreparably harmed in the event the preliminary injunction is not granted (cf. *Allied-Crossroads Nuclear Corp.* v. *Atcor, Inc.*, 25 A D 2d 643; *Kane* v. *Walsh*, 295 N. Y. 198, 205). The State, in its brief, has conceded that plaintiffs will be entitled to reinstatement and back pay in the event they ultimately prevail. This action should have been commenced in the Supreme Court, Albany County (CPLR, 506, subd. [b]) and is accordingly transferred to that court. In our opinion the action should have been commenced pursuant to article 78 of the CPLR (cf. *Industrial Group Serv.* v. *Cantor*, 24 A D 2d 1032; *Board of Educ. of Cent. High School Dist. No. 2* v. *Allen*, 25 A D 2d 659; see, also, *James* v. *Alderton Dock Yards*, 256 N. Y. 298, 305; *Lesron Junior* v. *Feinberg*, 13 A D 2d 90) and that court may treat the action as such a proceeding (CPLR 103, subd. [c]). Munder, Acting P. J., Martuscello, Latham, Shapiro and Christ, JJ., concur.