In the Matter of JOSEPH ARMITAGE, JR., et al., Respondents, v HUGH L. CAREY, as Governor and Chief Executive Officer of the State of New York, et al., Appellants.

Third Department, December 11, 1975

Louis J. Lefkowitz, Attorney-General (John Q. Driscoll and Ruth Kessler Toch of counsel), for appellants.

De Graff, Foy, Conway & Holt-Harris (James W. Roemer, Jr., and Samuel Jacobs of counsel), for respondents.

REYNOLDS, J. The individual respondents are permanent employees of the State Department of Transportation and are members of the respondent Civil Service Employees Association (CSEA), a labor union certified by the State of New York as the exclusive representative of the individual respondents. The individual respondents and some 360 other employees of the Department of Transportation were notified on or about June 1, 1975 that their employment would be terminated on July 1, 1975. On June 17, 1975 respondents instituted grievance procedures under the applicable collective bargaining agreement with the State of New York, claiming that the State violated the provision thereof which reads, in part, as follows: "Protection of Employees 32.1 There shall be no loss of present jobs by permanent employees as a result of the State's exercise of its right to contract out for goods and services." This grievance is now in arbitration as required by the agreement which provides that "the decision or award of the arbitrator shall be final and binding consistent with the provisions of CPLR Article 75."

The respondents brought this proceeding to enjoin and restrain appellants from terminating their employment pending the determination of the controversy in the grievance procedure. The appellants served an answer which denied the allegations that their employment was terminated as the result of the State's exercise of its right to contract out for goods and services.

The parties hereto substantially agree on the applicable

law. To grant a preliminary injunction the law requires the moving parties to demonstrate: "(1) the likelihood of ultimate success on the merits; (2) irreparable injury to him absent granting of the preliminary injunction; and (3) a balancing of equities." *(Albini v Solork Assoc.,* 37 AD2d 835.) The first requirement compels a party seeking a preliminary injunction to establish a "clear right" to the relief (7A Weinstein-Korn-Miller, NY Civ Prac, par 6301.18). In this proceeding there is a sharp dispute as to material facts which cannot be adequately resolved on examination of the motion papers so that we can conclude there is a reasonable probability of success in the proceeding.

There is also no demonstration of irreparable damage to respondents. Loss of employment, although most likely to cause severe hardship, does not constitute irreparable damage *(Matter of Stewart v Parker,* 41 AD2d 785). The Attorney-General concedes in his brief that the individual respondents will be entitled to reinstatement and back pay in the event they ultimately prevail in the grievance procedure. Under these circumstances, it has repeatedly been held that there is no demonstration of irreparable damage *(De Lury v City of New York,* 48 AD2d 595; *Cohen v Department of Social Servs. of State of N. Y.,* 37 AD2d 626, affd 30 NY2d 571). In *De Lury* the First Department held that no irreparable harm was suffered by laid-off sanitationmen who would be entitled to back pay and reinstatement should they prevail. Furthermore, the court is not persuaded that the respondent CSEA will suffer irreparable damage if the preliminary injunction is not granted. There is no factual demonstration how its image as a viable union may be tarnished as a result of the denial of the preliminary injunction. The courts have been very reluctant to grant a preliminary injunction that disposes of the entire action for all practical purposes. This situation arises when the issuance of a preliminary injunction will have the same effect as the granting of the permanent relief requested *(Yome v Gorman,* 242 NY 395; 7A Weinstein-Korn-Miller, NY Civ Prac, par 6301.17).

As we have stated, respondents request an injunction pending the final determination of the pending grievance procedure. They also request an injunction restraining appellants from taking any action that would have the effect of usurping the jurisdiction of the arbitrator in the grievance procedure. There is no demonstration that appellants are threatening to

take such action or even how the jurisdiction of the arbitrator could be nullified.

The appellants claim the employment was terminated to reduce the expenses of the State of New York to meet otherwise insufficient appropriations. To reinstate respondents and all members of the class is inequitable to the State of New York under the circumstances. There was an improvident exercise of discretion by the Special Term in granting the preliminary injunction.

The order should be reversed, on the law and the facts, without costs.

HERLIHY, P. J., GREENBLOTT, MAIN and LARKIN, JJ., concur.

Order reversed, on the law and the facts, without costs.