■ In the Matter of PATRICK HENRY, as District Attorney of the County of Suffolk, et al., Appellants, v ANTHONY NOTO, as Presiding Officer of the Suffolk County Legislature, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to declare that Resolutions Nos. 1070-1970 and 919-1977 of the Suffolk County Legislature are null and void, petitioners appeal from a judgment of the Supreme Court, Suffolk County, entered June 29, 1979, which, *inter alia,* denied the petition. Judgment modified, on the law, by deleting therefrom the provisions which denied the petition and granted respondents' motion to dismiss the petition, and substituting therefor provisions (1) converting the proceeding into an action for a declaratory judgment, with the petition deemed the complaint, (2) declaring that Resolution No. 1070-1970 of the Suffolk County Legislature is invalid, null and void, (3) declaring that Resolution No. 919-1977 of the Suffolk County Legislature is invalid insofar as it delegates to the Presiding Officer of the Suffolk County Legislature the power to approve and disapprove the appointment of an individual to a position at a starting salary which is greater than the lowest step in the appropriate grade, (4) directing that petitioners McVann and Newell be appointed to the positions of Senior Assistant District Attorneys, grade 27, step 7, and (5) denying respondents' motion to dismiss the petition. As so modified, judgment affirmed, without costs or disbursements. Petitioners challenge the applicability of two resolutions of the Suffolk County Legislature to the power of the Suffolk County District Attorney to appoint persons to fill vacant positions of Assistant District Attorneys. Resolution No. 1070-1970 essentially provides that the Suffolk County budget director may "earmark" certain positions which warrant review and that when such an earmarked position becomes vacant, the vacancy may not be filled except with the joint approval of the Suffolk County Executive and the Presiding Officer of the Suffolk County Legislature. Resolution No. 919-1977 sets forth comprehensive rules for the administration of the Suffolk County employment classification and salary plans. As pertinent to the instant controversy, the resolution provides that all persons appointed to a position shall receive a starting salary of the lowest step in grade. However, upon a showing of difficulty in recruiting qualified persons at the lowest salary step, persons may be hired in-step, upon the approval of the county executive and the presiding officer. Petitioner Patrick Henry, the Suffolk County District Attorney, sought to appoint petitioners McVann and Newell, two experienced attorneys, to vacant positions of Senior Assistant District Attorneys, grade 27. Although the positions were the subject of due appropriation in the Suffolk County budget, they were earmarked pursuant to Resolution No. 1070-1970. Accordingly, after Henry

received approval to fill the vacant positions, he sought to have McVann and Newell appointed at a salary level of step 7 rather than the lowest salary level in grade. The required Form 32 was submitted and approval was obtained from the county executive. However, the presiding officer disapproved the applications on the ground that there had been no adequate showing of difficulty in recruitment at the lower salary step. Petitioners commenced the instant proceeding to compel the presiding officer to sign the appropriate forms and for a declaration that the two resolutions are null and void as applied to the office of the District Attorney. Special Term dismissed the petition and the instant appeal followed. We conclude that Resolution No. 1070-1970 is void in its entirety, and that Resolution No. 919-1977 is void insofar as it delegates approval power to the presiding officer. By investing the county executive and the presiding officer with the power to approve the filling of a vacant position, the Suffolk County Legislature has enacted a mechanism (Resolution No. 1070-1970) which may be used to perenially keep a position vacant, thereby effectively abolishing the position despite proper appropriation having been made in the county budget for the filling of such position. Section 204 of the County Law provides that positions of employment may be abolished by local law, by resolution, or by the adoption of the budget. All three devices require specific action by the legislative body. The Suffolk County Charter which overrides the County Law where the two are inconsistent (see County Law, § 2, subd [b]), provides that the creation or abolition of a position constitutes a budget modification (Suffolk County Charter, § 437). The charter further provides the legislative mechanism for effecting a budget modification. Although the county executive is involved in the procedure to modify the budget, and is generally granted substantial discretion in regulating and implementing the various budgetary appropriations, he does not have the power to unilaterally modify the budget, as that term is defined in the charter (§ 437). Under the County Law and the Suffolk County Charter, the abolition of a position requires legislative action by the full legislative body. Therefore, once a position has been provided for in the budget, neither the county executive nor the presiding officer may unilaterally frustrate such legislative action by effectively abolishing a position. Such unilateral act would delegate to the two named officers an illegal veto power (cf. *Matter of County of Suffolk,* 56 AD2d 301, revd 41 NY2d 968 on the dissenting opn of Titone, J., at the App Div), and would contravene the well-established principle that legislative action (such as enactment of a budget which contains appropriations for designated positions) can only be repealed by an equal or greater legislative action (cf. *Matter of Gallagher v Regan,* 42 NY2d 230). Insofar as Resolution No. 919-1977 creates a classification and salary plan which requires that new appointees begin at the lowest step in grade, there is no question that the resolution is a valid exercise of the county legislature's power under section 205 of the County Law. It is well established that the legislature may set the compensation rate of government employees who are paid from the public purse. Furthermore, the charter anticipates that the county legislature will promulgate a salary plan. Nor is there any question that the resolution is fully applicable to the District Attorney's office (cf. County Law, § 702). The resolution is defective, however, to the extent that it delegates to the presiding officer the power to approve or disapprove applications to appoint persons at salary levels greater than the lowest step in grade. The Suffolk County Charter specifically provides that the county executive shall "have authority, jurisdiction, and control over the rules for the administration of the Suffolk County salary plan and labor contracts as

may be from time to time promulgated by action of the county legislature or county executive and maintain accurate updated records on all personnel employed by the county" (§ 303, subd *[1]*). The charter contains no qualifications on the authority of the county executive to administer the effective salary plans, including Resolution No. 919-1977. The determination of whether to allow the appointment of an individual to a position at a salary level greater than the lowest step in grade is well within the scope of the county executive's authority to administer the salary plans. However, this executive authority, which is expressly created by the county charter, may not be diminished by a mere resolution allowing the presiding officer to encroach upon the duties of the county executive. A delegation of power made by charter may not be altered by a legislative resolution *(Matter of Gallagher v Regan,* 42 NY2d 230, *supra).* To the extent that the exercise of such authority may result in a minor transfer of unencumbered funds within a department, the county executive has full authority to make such a transfer, in an amount not to exceed $100,000 (Suffolk County Charter, § 428; Local Laws, 1973, No. 28 of County of Suffolk). Furthermore, the decision to appoint persons in-step is peculiarly an exercise of administrative functions which is within the traditional sphere of executive powers. The legislature should not be permitted to interfere with the exercise of executive authority by compelling the executive officer to share his function with a member of the legislature (cf. *People v Tremaine,* 252 NY 27). Accordingly, so much of Resolution No. 919-1977 as delegates approval authority to the presiding officer, is invalid. Having determined that Resolution No. 1070-1970 is invalid, it is apparent that petitioner Henry may appoint persons to vacant positions for which budgetary appropriations have been made. Having further determined that the requirement in Resolution No. 919-1977 that the presiding officer's approval be obtained before an individual may be hired in-step is invalid, it follows that only the approval of the county executive need be obtained. Since such approval was given, there is no impediment to the appointment of petitioners McVann and Newell to the positions of Senior Assistant District Attorneys, grade 27, step 7. Lazer, J. P., Rabin, Gulotta and Gibbons, JJ., concur.