OPINION OF THE COURT
Memorandum.
The order appealed from should be affirmed, with costs. Although brought in the form of an action seeking declaratory relief, insofar as plaintiff seeks to compel the Comptroller and the State Retirement System to accept for filing a modification in the benefits provided plaintiff’s members by the State Retirement System, the action is subject to the four-month Statute of Limitations applicable to article 78 proceedings (see Solnick v Whalen, 49 NY2d 224). Our examination of the record persuades us that the instant proceeding is time-barred since it was not brought within four month’s after the respondents refused to accept for filing the modifications provided by the 1973 agreement. Nor does the inclusion of a similar provision in the later agreement, despite the respondents’ failure to accept the prior provision, serve to resurrect plaintiff’s claim that the respondents are obliged to accept such a modification. Finally, we emphasize that since the City of Hornell did not appeal from the order of Supreme Court, Steuben County, neither the order of the Appellate Division nor this affirmance of that order serves directly to modify the provisions of the Supreme Court order directed at the city. Quite simply, the appellate process has been limited to the issue of the Comptroller’s purported duty to accept for filing benefit increases covering some but not all of Hornell’s municipal employees, and has no direct bearing upon whatever liability the city may be subjected to pursuant to the collective *1036 bargaining agreement and in accord with the demands of public policy.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.