OPINION OF THE COURT
 

 Memorandum;
 

 The order of the Appellate Division should be modified, without costs, in accordance with this memorandum and, as so modified, affirmed.
 

 The Suffolk County District Attorney, Patrick Henry, and two senior assistants, Newell and Me Vann, challenge certain action taken by the Suffolk County Legislature. Henry challenges Resolution No. 1070-1970 ("1070”), which empowers the county executive and presiding officer to approve or disapprove a request to fill any position earmarked by the director of the budget. All three plaintiffs challenge Resolution No. 919-1977 ("919”), through which the county legislature established a salary plan whereby the salaries of all new appointees to county positions are to be at the lowest step in grade unless the county executive and presiding officer approve a request for the payment of a higher salary upon a showing that recruitment efforts at the lower salary were unsuccessful.
 

 Resolution 1070 improperly encroaches upon the power of the District Attorney as granted by the Suffolk County Charter and, therefore, is invalid as applied to that office. By its charter, Suffolk County granted to the District Attorney "the power to hire assistants * * * as the county legislature may allow in the budget” (Suffolk County Charter, § 1802). The budget approval and modification process similarly is governed by charter, requiring, among other things, action by the county legislature as a body. Resolution 1070 gives to the county executive and the presiding officer power unilaterally to frustrate the action of the legislature in authorizing assistants for the District Attorney (cf.
 
 Matter of County of Oneida v Berle,
 
 49 NY2d 515). It is the budget which defines the extent of the District Attorney’s hiring power. While that power properly may be limited by legislative action of equal or greater dignity than that sought to be altered, it may not be done indirectly by a resolution such as this (cf.
 
 Matter of Gallagher v Regan,
 
 42 NY2d 230).
 

 The questions posed by the challenge to Resolution 919 are now moot. Plaintiffs have informed the court that the Suffolk County Legislature passed Resolution No. 1980-1979, effective January 1, 1980, amending the classification and salary plan and rendering the salary approval procedure inapplicable to
 
 *819
 
 the hiring of Assistant District Attorneys. Inasmuch as Resolution 919 is attacked only as applied to the hiring of assistants, the county’s action has rendered that portion of the complaint moot. That the complaint sought relief in the nature of retroactive in-step salary payments from March, 1979 does not alter this conclusion. While a controversy ordinarily would retain vitality by such a request (see Cohen and Karger, Powers of the New York Court of Appeals, § 98, p 417; compare
 
 Nevins, Inc. v Kasmach,
 
 279 NY 323;
 
 People ex rel. O’Connor v Girvin,
 
 227 NY 392, with
 
 Matter of Croker v Sturgis,
 
 175 NY 158), the Appellate Division did not grant this relief and plaintiffs did not cross-appeal. The back pay issue thus is not before this court (see
 
 Segar v Youngs,
 
 45 NY2d 568;
 
 City Bldg. Employees Assn. v Levitt,
 
 49 NY2d 1033), and no effective determination can be rendered. Therefore, there should be a modification to the extent of declaring moot the issues raised by the challenge to Resolution 919.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order modified, etc.