■ ANTHONY F. WASILKOWSKI, M.D., P. C., et al., Appellants, v AMSTERDAM MEMORIAL HOSPITAL, Respondent. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered June 29, 1982 in Montgomery County, which denied plaintiffs' motion for a preliminary injunction. Plaintiff Anthony F. Wasilkowski is a licensed radiologist who in November, 1977, first began to perform radiology services for defendant hospital under an oral agreement. In November, 1979, Dr. Wasilkowski formed a wholly owned professional corporation which entered into a written contract with defendant to provide radiology services to defendant. The corporation was to be paid a percentage of the gross amount of the money paid the hospital by or on behalf of the patient to whom the service was rendered. The radiology services were

performed at the hospital using staff, equipment and space furnished by the hospital. The contract also provided, *inter alia,* that: "It is agreed that either party may terminate this agreement at any time for reasonable cause, providing that 120 days notice has been rendered, in writing, and that the action taken cannot be conceived as arbitrary or capricious in nature." On January 21, 1982, the hospital gave notice that it terminated the agreement for radiologist services effective in 120 days (i.e., as of May 20, 1982). The notice specified that the reason for termination was "to reduce the operating expenses of the radiology department which operated at a loss for 1981." By order to show cause returnable June 16, 1982, plaintiffs sought a preliminary injunction requiring defendant to reinstate plaintiffs pending the trial of plaintiffs' underlying action for a permanent injunction and to recover money damages for breach of contract. Special Term orally, without a written decision, denied the motion for the preliminary injunction and an order was duly entered to that effect. This appeal ensued. The order entered at Special Term denying plaintiffs' motion for preliminary injunctive relief should be reversed and a preliminary injunction reinstating plaintiff professional corporation should be granted. "To grant a preliminary injunction the law requires the moving parties to demonstrate: '(1) the likelihood of ultimate success on the merits; (2) irreparable injury to him absent granting of the preliminary injunction; and (3) a balancing of equities.' (*Albini v Solork Assoc.,* 37 AD2d 835.) The first requirement compels a party seeking a preliminary injunction to establish a 'clear right' to the relief (7A Weinstein-Korn-Miller, NY Civ Prac, par 6301.18)." (*Matter of Armitage v Carey,* 49 AD2d 496, 498.) Plaintiffs herein have shown a clear right to the relief requested. Affidavits and documents submitted by plaintiffs demonstrate that the hospital operated its radiology department at a substantial profit for the year 1980. These financial facts are established by figures contained in the hospital's annual institution cost report filed with the New York State Health Department for the year 1980 (the 1981 report was not available for inspection). Dr. Wasilkowski affirms that he knows of "no significant difference between the patient load, expenses and patient charges between the two years [1980 and 1981] which would justify termination of my Professional Corporation's services." In contrast to this evidence supplied by plaintiffs, defendant's affidavit merely states in conclusory terms that the claims of plaintiffs with regard to the "economic situation" and the "statistical arguments" are "inaccurate". Thus, there has been no refutation of the facts set forth by plaintiffs. The hospital has utterly failed to show it has suffered any economic loss in the operation of its radiology department as it claimed in its notice of termination. Thus, plaintiffs have made a prima facie showing that the action taken by the hospital can be viewed as arbitrary or capricious in nature. Plaintiffs have also established by their moving papers that they would suffer irreparable injury absent the grant of the preliminary injunction (*Gambar Enterprises v Kelly Servs.,* 69 AD2d 297, 306-307; see, also, *Foster v White,* 248 App Div 451, affd 273 NY 596). Dr. Wasilkowski has described his efforts, as an individual and as an employee of his professional corporation, to build and expand his radiology practice at the hospital, particularly in attracting patient referrals from other area physicians. Disruption of plaintiffs' practice during the pendency of this action would undoubtedly result in the loss of good will and the loss of patient referrals which were acquired and maintained by him through contacts and personal service. The value of such loss is difficult, if not impossible, to fully ascertain and therefore must be viewed as irreparable. In addition, Dr. Wasilkowski stated in his affidavit that the only other hospital in Amsterdam is St. Mary's Hospital which is fully staffed and that he would be left with no

alternative position in the Amsterdam area. Dr. Wasilkowski also explained that his work as a radiologist at the Nathan Littauer Hospital in Gloversville, New York, was a temporary fill-in during the month of June, 1982 only. In our view, the equities involved in this situation balance in favor of plaintiffs. Consequently, defendant hospital should be directed to reinstate plaintiff professional corporation to its former contractual position as a provider of radiological services at the Amsterdam Memorial Hospital and to otherwise resume performance of its obligations under the terms of the contract between the parties dated November 25, 1980. The issuance of this preliminary injunction should be on the condition that plaintiff professional corporation file an undertaking in the amount of $1,000 within 20 days of the date of the order to be entered hereon (CPLR 6312, subd [b]). Order reversed, on the law and the facts, with costs, plaintiffs' motion granted, and defendant hospital is directed to reinstate plaintiff professional corporation to its former contractual position as a provider of radiological services at defendant hospital and to otherwise resume performance of its obligations under the terms of the contract between the parties dated November 25, 1980; as a condition for the granting of relief herein plaintiff professional corporation shall file an undertaking in the amount of $1,000 within 20 days of the date of the order to be entered hereon. Sweeney, Main and Mikoll, JJ., concur; Mahoney, P. J., and Yesawich, Jr., J., dissent and vote to affirm in the following memorandum by Yesawich, Jr., J.

Yesawich, Jr., J. (dissenting). We respectfully dissent. An injunction restoring the corporate plaintiff to its former position should not issue because irremediable injury has not been demonstrated. It is a principle of long standing of this court that "[l]oss of employment, although most likely to cause severe hardship, does not constitute irreparable damage" (*Matter of Armitage v Carey,* 49 AD2d 496, 498). There is nothing sufficiently uncommon about this case to require a departure from this prudent and serviceable rule. The claimed loss of good will is measurable in monetary damages (NY Damages Law, § 200, p 200), and the disruption of plaintiffs' practice poses no more severe a loss than most problems attendant upon any employee's dismissal. Should plaintiffs ultimately prevail in their suit, full compensation for any loss incurred can be achieved by money damages and reinstatement of the corporate plaintiff to its former position (*DeLury v City of New York,* 48 AD2d 595, 603). Plaintiffs themselves implicitly acknowledge that any hurt inflicted is reparable for the ultimate relief being sought is "reinstatement and/or damages". *Gambar Enterprises v Kelly Servs.* (69 AD2d 297) is readily distinguishable because of the presence of a restrictive covenant in the governing agreement which effectively precluded plaintiff from doing business during the pendency of that action, thus presenting a clear instance of irreparable harm. Accordingly, we would affirm the denial of plaintiffs' motion for a preliminary injunction.