OPINION OF THE COURT
Memorandum.
In this proceeding, converted by the Appellate Division to an action for a declaratory judgment, the order of that *784 court should be modified, without costs, to declare valid subdivision e of section 3.09 of the Erie County Administrative Code (Lanza v Wagner, 11 NY2d 317, 334) and, as so modified, affirmed for reasons stated in the opinion by Justice Stewart F. Hancock, Jr., at the Appellate Division (91 AD2d 202). However, we distinguish the principal case relied upon by petitioner, Matter of Henry v Noto (50 NY2d 816) on different grounds.
In Matter of Henry v Noto (supra) the County Charter granted the District Attorney “the power to hire assistants * * * as the county legislature may allow in the budget.” He attempted to appoint to two approved vacancies but his appointments were subject to review pursuant to a resolution requiring prior approval of the need to fill vacancies by the County Executive and the presiding officer of the legislature. We held that the budget adopted by the county legislature defined the extent of the District Attorney’s power to appoint. The positions could not be abolished after approval in the budget by resolution which transferred that , power to the County Executive and the presiding officer of the county legislature. The resolution attempting to do so was invalid because it was legislation of lesser dignity which unlawfully encroached on the powers granted the legislature and the District Attorney in the County Charter.
The Erie County Administrative Code granted petitioner the power to appoint deputies “within the appropriations provided therefor” (Erie County Administrative Code, § 12.03). The legislature authorized positions by appropriations contained in the 1982 budget, a resolution. That authorization was subject to existing subdivision e of section 3.09 of the Administrative Code, a local law, which provides that the County Executive shall certify to the county legislature the necessity for filling vacancies before an appointment may be made. The resolution appropriating money for the positions could not override the provisions of the prior local law, legislation of greater dignity (see Matter of Gallagher v Regan, 42 NY2d 230, 234), and the local law did not contravene the provisions of the County Charter.
*785 Insofar as the dissent maintains that petitioner’s powers have been unlawfully curtailed, we would note that the only power the County Charter gives her is the power to fill positions in her office as those positions are approved. That is unchanged. She, and no one else, may appoint whomever she chooses to the vacancies (cf. Morin v Foster, 45 NY2d 287; Matter of McCabe v Voorhis, 243 NY 401, 409-410; Matter of Fogarty v Warden, 191 Misc 916, 920, affd 273 App Div 910, affd 297 NY 963; Matter of Yevchak v Raymond, 63 AD2d 197; Matter of Doherty v Sanvidge, 58 Misc 2d 347; Neils v City of Yonkers, 38 Misc 2d 691). The Charter does not guarantee her any specific number of positions, however; they must be approved first by the legislature. Subdivision e of section 3.09 did not change that. It merely provided that if an approved position became vacant the County Executive was to certify to the legislature the necessity for refilling it before the appointment could be made. That was consistent with the County Executive’s responsibilities as “chief executive officer and administrative head of the county government” (Erie County Charter, § 302, subd a) and as “chief budget officer of the county” (Erie County Charter, § 302, subd d).
Accordingly, subdivision e of section 3.09 of the Administrative Code was not subject to a mandatory referendum as legislation curtailing the power of an elected official (see Erie County Charter, § 2002; cf. Municipal Home Rule Law, § 23, subd 2, par f).