■ JULIE GIBOULEAU, Respondent, v SOCIETY OF WOMEN ENGINEERS, Appellant, et al., Defendant.—In an action, *inter alia,* to recover damages for breach of contract and for declaratory and injunctive relief with respect to the plaintiff's insurance coverage, the defendant Society of Women Engineers (hereinafter SWE), appeals from so much of an order of the Supreme Court, Nassau County (Collins, J.), entered October 29, 1985, as denied its cross motion for partial summary judgment dismissing eight causes of action in the plaintiff's complaint and granted the plaintiff's motion for a preliminary injunction to the extent that she sought continuation of her insurance coverage as though she were still an active employee of the appellant.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied those branches of SWE's cross motion which were to dismiss the sixth and seventh causes of action of the plaintiff's complaint, and substituting therefor a provision granting those branches of its cross motion. As so modified, the order is affirmed insofar as appealed from, with costs, to the plaintiff.

The plaintiff commenced this action against SWE, her former employer, and Blue Cross Blue Shield of Greater New York, SWE's insurance carrier, which is described in the complaint as a "nominal defendant". The plaintiff has set forth sufficient specific evidence to sustain her first through fifth and her ninth causes of action which are all based on the theory that the defendant SWE breached its contract with the plaintiff by discharging her. The plaintiff alleges the existence of an employment handbook that contained a provision prohibiting discharge of employees without just cause and due warning and further alleges that she was informed of this provision and relied on it in accepting employment and in not pursuing certain other employment opportunities *(see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458; *cf., Murphy v American*

*Home Prods. Corp.,* 58 NY2d 293; *O'Connor v Eastman Kodak Co.,* 108 AD2d 843, *affd* 65 NY2d 724). Numerous pertinent factual issues remain that are not resolved by the record, including whether this handbook was official policy and whether its provisions applied to the plaintiff's position of Executive Director. Accordingly, Special Term correctly denied the defendant's cross motion to dismiss these causes of action. However, it should have dismissed the sixth cause of action sounding in prima facie tort, and the seventh cause of action to recover damages for intentional infliction of emotional distress, because the record is devoid of evidence necessary to sustain these claims *(Murphy v American Home Prods. Corp., supra,* at 302; Restatement [Second] of Torts § 46).

Special Term did not abuse its discretion in directing SWE to continue payment of insurance premiums, especially since the plaintiff, who was suffering from lymphatic cancer, would have been unable to obtain alternate medical coverage. We further agree that the plaintiff was properly directed to post an undertaking covering the cost of these premiums (CPLR 6301, 6312 [b]). Lawrence, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.