■ In the Matter of JOSEPH R. CAPUTO, Respondent, v PATRICK G. HALPIN et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Suffolk County Executive to execute certain forms approving the filling of certain vacancies in the Department of Audit and Control of the County of Suffolk, the Suffolk County Executive appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Hand, J.), dated March 20, 1990, which granted that relief and held that the petitioner is entitled to counsel fees in an amount yet to be determined.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, that application is referred to Presiding Justice Mangano, and leave to appeal is granted by Presiding Justice Mangano (CPLR 5701 [b] [1]); and it is further,

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof which directed the County Executive to execute and approve the SCIN Form 167's submitted to him by the Comptroller of the County of Suffolk and declared that the Comptroller has the absolute right to appoint any qualified individual to vacant positions in his department, and substituting therefor provisions dismissing the petitioner's first and second causes of action; as so modified, the order and judgment is affirmed, without costs or disbursements.

The Comptroller of the County of Suffolk brought this proceeding to compel the County Executive to fill certain positions in the Department of Audit and Control which had become vacant during 1989. The procedure for filling vacancies in Suffolk County government required that a form "SCIN Form 167" be submitted to the County Executive. The form requires the department head to set out the "position

title", the "fund/appropriation number", the "authorized position number" and the "Justification" for the request for approval of the appointment. The Comptroller submitted these forms with respect to the vacancies in his department. The County Executive refused to approve the filling of the vacancies, citing the Taxpayer Relief Act, Resolution No. 624-1989, passed by the County Legislature on June 26, 1989, which imposed a "hiring freeze for the balance of 1989".

The Comptroller was allowed to amend his petition to challenge the refusal by the County Executive to approve the appointment to vacancies in the Comptroller's department for which appropriations were made in the 1990 budget. Since the 1989 fiscal year has come to an end, the Comptroller's application for that year is academic, and the Comptroller, in his amended petition, withdrew his challenge to the refusal by the County Executive to fill the vacant positions in 1989.

The Supreme Court granted the Comptroller's petition to the extent of declaring that the Comptroller has the absolute right to appoint any qualified individual to such vacant positions and directing the County Executive to execute and approve the SCIN Form 167 with respect to each of the budgeted positions for which the Comptroller sought to make an appointment. The court also held that the Comptroller, who is represented by a firm of private attorneys, is entitled to counsel fees, and directed him to submit an "affirmation of legal services".

We hold that while the County Executive, in order to affect the budget appropriations of departments, must follow the procedure laid down in the allotment system prescribed by the Suffolk County Charter and the Suffolk County Administrative Code (see, Suffolk County Charter § C4-29; Suffolk County Administrative Code § A4-7 *et seq.*), as well as the procedure where a budget deficit is anticipated (Suffolk County Charter § C4-27; Suffolk County Administrative Code § A4-8), his actions in refusing to approve the filling of the vacancies in the Department of Audit and Control amounted to merely a delay in contemplation of the submission of a detailed plan to the County Legislature to avoid the anticipated budget deficit. This plan involved not filling vacancies for which there were budget appropriations as one means of achieving a savings.

We agree with the Comptroller that the County Executive's "All-Department-Heads Memorandum" dated January 16, 1990, did not constitute effective action under the allotment system to give the County Executive the power to refuse to approve the filling of the vacancies, inasmuch as no clear

statement was made as to the extent to which the appropriations for each department was being reduced. The provisions of the Suffolk County Administrative Code § A4-7 require clear and unequivocal notice to the Suffolk County Legislature that the budget cuts will exceed 10% in order that the Legislature might act within the required 10 days to disapprove the cuts (Suffolk County Administrative Code § A4-7 [B] [2]) or not act, in which case the cuts take effect (Suffolk County Administrative Code § A4-7 [C]). At best, the "All-Department-Heads Memorandum" was a preliminary step to a detailed and unequivocal action by the County Executive.

This action was taken on March 13, 1990, with a transmission of a detailed spending reduction plan by the County Executive to the County Legislature. This plan was preceded by a request for proposals from each department head. The plan as submitted to the County Legislature included the specific dollar amounts of the savings which would be realized by not filling the vacancies in issue here. A draft resolution accompanied the plan, which the County Legislature was specifically asked by the County Executive to review and approve.

Within this context, it was well within the power of the County Executive to delay the approval of the appointments to the vacancies in the anticipation that there will be a budget deficit and that not filling these vacancies for which funds have been appropriated would be a convenient source to realize savings. The statutory provisions dealing with the avoidance of a deficit make the County Executive, as chief budget officer, the overseer of expenditure of budgeted funds *(see, Matter of Slominski v Rutkowski,* 91 AD2d 202, 209, *mod on other grounds and affd for reasons stated by Hancock, Jr., J.* 62 NY2d 781), and it cannot be said that his actions herein were ultra vires.

Accordingly, the petitioner's substantive contentions must be rejected, and his first and second causes of action dismissed.

However, we agree with the Supreme Court that the Comptroller is entitled to counsel fees *(see, Matter of Slominski v Rutkowski, supra; Cahn v Town of Huntington,* 29 NY2d 451). Mangano, P. J., Thompson, Brown and Kunzeman, JJ., concur.