■ In the Matter of EDWARD P. ROMAINE, Respondent, v PATRICK G. HALPIN et al., Appellants.—In a proceeding pursuant to CPLR article 78, inter alia, to compel the Suffolk County Executive to execute certain forms approving the filling of certain vacancies in the Suffolk County Clerk's office, the Suffolk County Executive appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Hand, J.), dated March 20, 1990, which granted that relief, and held that the petitioner is entitled to counsel fees in an amount yet to be determined.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, the application is referred to Presiding Justice Mangano, and leave to appeal is granted by Presiding Justice Mangano (CPLR 5701 [b] [1]); and it is further,

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof which directed the Suffolk County Executive to execute and approve the SCIN Form 167's submitted to him by the Suffolk County Clerk and declaring that the Suffolk County Clerk has the absolute right to appoint any qualified individual to vacant positions in his department, and substituting therefor provisions dismissing the petitioner's first and second causes; as so modified, the order and judgment is affirmed, without costs or disbursements.

The County Clerk commenced the instant proceeding challenging the failure of the County Executive to approve appointments to two vacancies in the County Clerk's office. The petitioner states that each of those positions is a budgeted and

vacant position during the current 1990 fiscal year and that no provision of the Suffolk County Administrative Code authorizes, permits, or otherwise legally entitles the County Executive to prevent a department head from hiring employees within his department, where there is a budgetary appropriation for that purpose and where the persons to be appointed meet the established minimum qualifications.

The Supreme Court directed the County Executive to execute and approve the SCIN Form 167's with respect to each of the other positions requested and declared that the County Clerk had the absolute right to appoint any qualified individual to the vacant positions. It also held that the County Clerk, who was represented by a private attorney, is entitled to counsel fees, and directed him to submit an "attorney's affidavit or affirmation of legal services".

We modify the order and judgment appealed from in the manner indicated, for the reasons stated in *Matter of Caputo v Halpin* (160 AD2d 938 [decided herewith]). Mangano, P. J., Thompson, Brown and Kunzeman, JJ., concur.