■ SUFFOLK COUNTY ASSOCIATION OF MUNICIPAL EMPLOYEES, INC., Appellant, v COUNTY OF SUFFOLK, Respondent.—In an action, *inter alia,* to permanently enjoin the defendant County of Suffolk "from imposing mandatory furloughs and/or discharging any employee of the County of Suffolk covered under" a certain collective bargaining agreement between the parties, the plaintiff, Suffolk County Association of Municipal Employees, Inc., appeals from an order of the Supreme Court, Suffolk County (Lama, J.), dated May 30, 1990, which (1) granted that branch of the defendant's cross motion which was to dismiss the complaint, pursuant to CPLR 3211 (a) (2), for lack of subject matter jurisdiction, and (2), in effect, denied as academic, the plaintiff's motion for a preliminary injunction.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the defendant's cross motion which was to dismiss the complaint for lack of subject matter jurisdiction and substituting therefor a provision denying that branch of the defendant's cross motion; as so modified, the order is affirmed, with costs payable to the plaintiff, the defendant's time to serve an answer is extended until five days after the date of this decision and order; and it is further,

Ordered that the parties are directed to complete all pretrial proceedings necessary to file a note of issue and certificate of readiness within 15 days from the date of this decision and order, a special preference is granted, and a trial is directed to be held forthwith, upon the filing of the note of issue and certificate of readiness.

The plaintiff, Suffolk County Association of Municipal Employees, Inc. (hereinafter the Union), is the bargaining representative of approximately 7,500 Suffolk County municipal employees. In October 1989, after lengthy negotiations, a collective bargaining agreement was finalized between the Union and representatives of the County of Suffolk. On December 27, 1989, the Suffolk County Legislature adopted a resolution approving the agreement which was duly signed by the Suffolk County Executive on January 10, 1990.

Thereafter, the Suffolk County Executive advised the Suffolk County Legislature, by the transmission of a spending reduction plan, dated March 13, 1990, that in order to avoid an anticipated budget deficit, he intended, *inter alia,* to implement "personnel reductions" consisting of "layoffs" of approximately 100 employees covered by the collective bargaining

agreement. Although the Suffolk County Legislature has, concededly, taken no action on this particular proposal of the Suffolk County Executive, the Suffolk County Executive intends to proceed with these "personnel reductions". Indeed, it appears that some of these employees have already received notices of the termination of their employment.

The plaintiff commenced the instant action, *inter alia,* to permanently enjoin the defendant from implementing these proposed "personnel reductions".

The Supreme Court granted that branch of the defendant's cross motion which was to dismiss the complaint for lack of subject matter jurisdiction and, in effect, denied as academic, the plaintiff's motion for a preliminary injunction.

Although the complaint in the instant action is inartfully drawn, the papers submitted by the plaintiff in opposition to the defendant's motion to dismiss the complaint *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633), seriously challenge the legality of the actions of the defendant's agent, County Executive Halpin, in unilaterally implementing "personnel reductions" affecting municipal positions during a budget crisis *(see,* Suffolk County Charter § C4-31; *see also, Matter of Henry v Noto,* 74 AD2d 604, *mod on other grounds* 50 NY2d 816). It is beyond cavil that the Supreme Court has subject matter jurisdiction to decide this particular issue *(see, Matter of Henry v Noto, supra; see also, Matter of Slominski v Rutkowski,* 91 AD2d 202, *mod on other grounds* 62 NY2d 781; *Matter of Romaine v Halpin,* 160 AD2d 945; *Matter of Caputo v Halpin,* 160 AD2d 938). Accordingly, the Supreme Court erred in granting that branch of the defendant's cross motion which was to dismiss the complaint for lack of subject matter jurisdiction.

In view of the Supreme Court's determination with respect to that branch of the defendant's cross motion which was to dismiss the complaint for lack of subject matter jurisdiction, it, in effect, denied as academic the plaintiff's motion for a preliminary injunction. This court's reversal of the Supreme Court's determination with respect to that branch of the defendant's cross motion which was to dismiss the complaint for lack of subject matter jurisdiction, does not, however, mandate a different result with respect to the plaintiff's motion for a preliminary injunction. This court has previously held, in a decision affirmed by the Court of Appeals, that in view of the fact that the affected workers would be entitled "to reinstatement and back pay if they ultimately prevailed"

*(Cohen v Department of Social Servs.,* 30 NY2d 571, 572, *affg* 37 AD2d 626), irreparable harm had not been demonstrated and a preliminary injunction was therefore not warranted *(see, Cohen v Department of Social Servs., supra).* Similarly, in *Matter of Armitage v Carey* (49 AD2d 496, 498), the Third Department held that "[l]oss of employment, although most likely to cause severe hardship, does not constitute irreparable damage" for the purposes of the issuance of a preliminary injunction since the affected workers "will be entitled to reinstatement and back pay in the event they ultimately prevail" *(Matter of Armitage v Carey, supra,* at 498; *see also, DeLury v City of New York,* 48 AD2d 405). Moreover, contrary to the dissenters' view, at oral argument the County Attorney stated that the affected employees were entitled to be made whole in the event it was determined that they were illegally discharged by County Executive Halpin.

Finally, the cases cited by the dissenters are factually inapposite to the case at bar and do not mandate a departure, in this case, from the general principles set forth in *Cohen v Department of Social Servs. (supra), Matter of Armitage v Carey (supra),* and *DeLury v City of New York (supra).*

We have reviewed the parties' remaining contentions and find them to be without merit. Mangano, P. J., Kooper and O'Brien, JJ. concur.

Brown, J., concurs in part and dissents in part and votes to reverse the order appealed from, to grant the plaintiff's motion for a preliminary injunction, and to deny that branch of the defendant's cross motion which was to dismiss the complaint for lack of subject matter jurisdiction, with the following memorandum in which Eiber, J., concurs: I agree with my colleagues in the majority that the Supreme Court erred in dismissing the complaint herein for lack of subject matter jurisdiction. I cannot, however, concur in their conclusion that temporary injunctive relief is not available to maintain the status quo pending the trial of this action, which is to be held immediately pursuant to this court's direction, and that the approximately 88 employees of Suffolk County whose jobs are at risk under the County Executive's spending reduction plan must be summarily removed from their positions while the issue of the County Executive's authority to unilaterally abolish those positions is litigated.

CPLR 6301 provides that in the context of an action seeking permanent injunctive relief, a preliminary injunction may be granted where the plaintiff "would be entitled to a judgment restraining the defendant from the commission or continuance

of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff". Although this provision only requires a showing that the injury be irreparable in order to obtain a temporary restraining order pending the hearing on the request for a preliminary injunction, the courts have generally required a showing of irreparable injury, as well as a likelihood of success on the merits and a balancing of the equities in favor of the moving party, before a preliminary injunction is issued as well (see, *Tucker v Toia*, 54 AD2d 322; *Albini v Solork Assocs.*, 37 AD2d 835). In determining whether the required showing has been made, the court should consider these factors in relation to one another (see, 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6301.13a).

Initially, I would note that, on the record before us, the plaintiff has established a reasonable likelihood of success on the merits. The abolition of civil service positions is a budgetary modification (see, Suffolk County Charter § C4-31 [E] [2]), for which legislative approval is required (see, *Matter of Slominski v Rutkowski*, 91 AD2d 202, *mod on other grounds* 62 NY2d 781; *Matter of Henry v Noto*, 74 AD2d 604, *mod on other grounds* 50 NY2d 816). Although it is argued that the county legislature voiced its approval of the County Executive's spending reduction plan by failing to act thereon, when dealing with budgetary modifications legislative nonaction is tantamount to rejection (see, Suffolk County Charter § C4-31 [D]). Thus, the plaintiff has established, at least facially, that there exists a reasonable likelihood of success in its effort to prove that the County Executive acted without authority in unilaterally abolishing the 88 civil service positions. In opposition, the defendant relies almost exclusively on this court's recent decisions in *Matter of Caputo v Halpin* (160 AD2d 938) and *Matter of Romaine v Halpin* (160 AD2d 945). Those cases, however, would appear to be distinguishable from the case at bar, as they deal with a temporary hiring freeze effectuated by the County Executive in order to avoid a budget deficit (see, Suffolk County Charter § C4-29), and not with a budgetary modification (see, Suffolk County Charter § C4-31).

With respect to the second prong of the test to determine whether a preliminary injunction should issue, "[a]lthough the concept of 'irreparable injury' suggests an objective, absolute standard, it is, in practice, a relative measurement for determining the appropriateness of injunctive relief * * *. What constitutes an imminent threat of irreparable injury thus will depend not only upon the facts of the individual case but also

upon the discretion of the court" (7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6301.15, at 63-45—63-46). An examination of the facts of this case makes clear that the employees involved herein will suffer irreparable injury if a preliminary injunction is not issued. If the status quo is not maintained during the pendency of this action those employees whose employment is about to be terminated will lose, among other things, their positions, their salaries, their health benefits, their life insurance benefits, their pension rights, and their seniority rights. They may even lose their homes and their possessions. At the very least they will suffer a significant disruption in their lives and those of the members of their families. The employees' ultimate reinstatement and recovery of back pay and benefits if they are successful on the merits simply cannot suffice to repair their injury and obliterate their loss.

The majority considers this court's decision in *Cohen v Department of Social Servs.* (37 AD2d 626, *affd* 30 NY2d 571), and two subsequently decided cases which relied upon that case *(see, Matter of Armitage v Carey,* 49 AD2d 496; *DeLury v City of New York,* 48 AD2d 405), to be dispositive of the issue of whether the abolishment of positions can result in irreparable injury to the holders of those positions. However, as previously indicated, the inquiry into what constitutes irreparable injury involves the exercise of discretion and is dependent upon the facts before the court. Thus, contrary to the majority's contention, the fact that it has previously been held that the staff of a learning annex did not demonstrate that it would suffer irreparable injury if the Department of Social Services were not preliminarily enjoined from, *inter alia,* laying off some of its members *(see, Cohen v Department of Social Servs.,* 37 AD2d 626, *affd* 30 NY2d 571, *supra),* does not prohibit us, in the exercise of our discretion under the facts of this case, from concluding that the abolition of approximately 88 positions and the firing of the individuals who currently fill those positions will result in irreparable injury.

Firstly, it should be noted that the defendant in *Cohen* conceded that the plaintiffs therein would be made whole if they ultimately prevailed. Here, there has been no such concession. In fact, at oral argument the County Attorney was unable to assert with any degree of certainty that the affected employees would be made whole in the event it was determined that their positions were wrongfully abolished; the best he could do was assure the court that he would take the position that they *should* be made whole. Such an assurance provides little consolation to one who has been deprived of his

or her medical benefits, life insurance, pension benefits and seniority rights, not to mention his or her income, for any period of time. Secondly, in *Cohen* this court found that the employer had the authority to lay off the employees in question, and thus the plaintiffs in that case had failed to establish a likelihood of success on the merits. In contrast, as has previously been indicated, the record before us indicates a reasonable likelihood that the employees herein will be successful on the merits.

Lastly, this court has, on several more recent occasions, taken the position that those who would otherwise lose, for a period of time, their positions, health benefits, or potentially, their residences, were entitled to a preliminary injunction, emphasizing that the status quo, which is the beneficial effect temporary injunctive relief seeks to attain *(see, Matter of Brenner v Hart Sys.,* 114 AD2d 363, 367; *Chrysler Corp. v Fedders Corp.,* 63 AD2d 567, 569; *721 Corp. v Morgan Guar. Trust Co.,* 40 Misc 2d 395, 397), be maintained. Thus, in *Blass v Cuomo* (154 AD2d 416), this court affirmed so much of an order as preliminarily enjoined the appellant from terminating the employment of three employees, noting that the granting of a preliminary injunction at that juncture "serve[d] the salutary purpose of maintaining the status quo pending resolution of the underlying controversy". Similarly, in *Gibouleau v Society of Women Engrs.* (127 AD2d 740), this court affirmed an order directing the defendant, the plaintiff's former employer, to continue to pay the plaintiff's insurance premiums during the pendency of her breach of employment action, in which she sought to be reinstated. In a like vein is *Schlosser v United Presbyt. Home* (56 AD2d 615), where this court, again citing the purpose of a preliminary injunction, that is, to maintain the status quo, temporarily enjoined the raising of the plaintiffs' rents. This was so even though we indicated that we had "grave doubts" regarding the likelihood of the plaintiffs' success on the merits.

Finally, the equities present in this case clearly weigh in the favor of these employees. While Suffolk County, like most local governments, is experiencing financial difficulties, a fiscal crisis will not ensue if the relatively small number of positions at issue are not immediately abolished. On the other hand, the crisis, fiscal and otherwise, that these employees and their families will face if their jobs are abolished is certain and severe.

Under the circumstances, I see no justification for the denial

of the injunctive relief sought herein pending the trial of the merits of the controversy. *[See,* 147 Misc 2d 744.]