In the Matter of JAMES M. CATTERSON, JR., as District Attorney of the County of Suffolk, et al., Appellants, v PATRICK G. HALPIN, as County Executive of the County of Suffolk, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Suffolk County Executive to place the petitioners Henry O'Brien and Regan Lally on the Suffolk County payroll, the Suffolk County Executive and the County of Suffolk appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Gowan, J.), entered September 20, 1990, which, *inter alia,* (1) directed the Suffolk County Executive to place Henry O'Brien and Regan Lally on the Suffolk County payroll, with compensation and benefits retroactive to June 11, 1990, provided that unexpended funds appropriated in the 1990 budget existed, (2) determined that the Suffolk County Executive could not freeze positions within the District Attorney's office, provided that the positions were budgeted and vacant, and (3) held that the petitioners were entitled to counsel fees in the principal sum of $15,085.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof which directed the Suffolk County Executive to place the petitioners Henry O'Brien and Regan Lally on the Suffolk County payroll, with compensation and benefits retroactive to June 11, 1990, and determined that the Suffolk County Executive could not freeze positions within the District Attorney's office, provided that the positions were budgeted and vacant, and substituting therefor provisions dismissing the petitioners' first and second causes of action; as so modified, the order and judgment is affirmed, without costs or disbursements.

On or about March 13, 1990, the Suffolk County Executive submitted a spending reduction plan to the Suffolk County Legislature pursuant to his powers under the Suffolk County Administrative Code and the Suffolk County Charter *(see,* Suffolk County Administrative Code §§ A4-7, A4-8; Suffolk County Charter §§ C4-7, C4-27; *see generally, Matter of Caputo v Halpin,* 160 AD2d 938). The plan was submitted after the Suffolk County Executive determined that there would be a budgetary shortfall. Under the plan, which became effective shortly after its submission, the targeted savings for the District Attorney's office for the fiscal year 1990 were $243,866. In April 1990, it became apparent that the District Attorney's office was failing to meet its targeted savings and was spending in excess of the total amounts appropriated in the 1990 budget. Based upon this information, the Suffolk County Executive froze all vacant positions in the District Attorney's office on May 14, 1990. The "freeze" was to continue until the District Attorney demonstrated that he could meet the departmental reduction plan.

The Suffolk County District Attorney brought this proceeding to compel the Suffolk County Executive to place the names of the petitioners O'Brien and Lally on the Suffolk County payroll after he had hired them but was unable to insert their names on the computerized payroll system due to the freeze.

It is beyond cavil that the Suffolk County Executive does not have unfettered discretion to refuse to place names on the Suffolk County payroll where budgetary appropriations have already been made *(see, Henry v Noto,* 50 NY2d 816). Stated succinctly, there is no inherent right attendant upon the Suffolk County Executive to choose who to hire for other departments. However, statutory powers under the Suffolk County Allotment System *(see,* Suffolk County Charter §§ C4-29, C4-30; Suffolk County Administrative Code §§ A4-7, A4-8), combined with the Suffolk County Executive's duty to avoid budget deficits *(see,* Suffolk County Charter §§ C4-2, C4-27), support the conclusion that the Suffolk County Executive may institute a temporary hiring freeze as a method of preventing the District Attorney's office from expending money at a rate which would deplete its budget well before the end of its fiscal year *(see, Matter of Caputo v Halpin, supra; Matter of Slominski v Rutkowski,* 91 AD2d 202, *mod on other grounds* 62 NY2d 781). We note that our decision is limited to situations such as obtain in the present case where the District Attorney's office has unequivocally acknowledged that estimated expenditures exceed its 1990 budget by a total of at least $397,543.

Accordingly, the petitioners' substantive contentions must be rejected and their first and second causes of action dismissed.

However, we agree with the Supreme Court that the District Attorney is entitled to counsel fees and that the fee awarded was proper (see, *Matter of Slominski v Rutkowski, supra; Cahn v Town of Huntington,* 29 NY2d 451). Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.