■ Suffolk County Association of Municipal Employees, Respondent-Appellant, v County of Suffolk, Appellant-Respondent.—In an action, *inter alia,* for an injunction, (1) the defendant appeals from a judgment of the Supreme Court, Suffolk County (Lama, J.), entered March 13, 1991, which, *inter alia,* permanently enjoined it from discharging and demoting certain of its permanent civil service employees pursuant to a savings plan promulgated by the Suffolk County Executive, dated March 13, 1990, and (2) the plaintiff appeals from an order of the same court, dated March 13, 1991, which denied its cross motion, in effect, to settle its proposed judgment.

Ordered that the judgment and the order are affirmed, without costs or disbursements.

The plaintiff, Suffolk County Association of Municipal Employees. Inc. (hereinafter SCAME), is the collective bargaining representative of approximately 7,500 Suffolk County employees. In October 1989 the defendant County of Suffolk and SCAME negotiated a collective bargaining agreement which became valid and binding on the parties in January 1990 when it was signed by the County Executive.

By memorandum dated March 13, 1990, the County Executive informed the County Legislature that there would be a budgetary shortfall of $31,000,000 in 1991. Pursuant to Suffolk County Charter § C4-27 and Suffolk County Administrative Code §§ A4-7 and A4-8, the County Executive prepared and transmitted to the County Legislature a comprehensive savings plan to eliminate the deficit. The savings plan consisted of eight components, the last of which provided for layoffs of approximately 100 employees. A proposed resolution was attached to the memorandum for the County Legislature's review and approval. The County Legislature did not act on the

proposed resolution within the 10-day period set forth in Suffolk County Administrative Code § A4-7. The County Executive then concluded that the County Legislature's inaction was tantamount to approval and that the proposed resolution could be put into effect.

On April 1, 1990, and continuing thereafter, the County Executive's Office sent layoff notices to approximately 96 of the County's employees, all of whom were members of SCAME and covered by the collective bargaining agreement. Of the 96 employees who received notices, 31 were discharged, two resigned, 10 retired, 39 continued to be employed in other positions, funding for three was given to the Long Island Regional Planning Board, and 11 others had their layoff notices rescinded.

SCAME commenced this action to, *inter alia*, permanently enjoin the defendant from implementing these layoffs. The Supreme Court granted this relief to SCAME. We affirm.

The County Executive was without authority to lay off 96 employees without first obtaining the approval of the County Legislature. The abolition of civil service positions is a budgetary modification under Suffolk County Charter § C4-31 (E) (2), which must be implemented by a different procedure than the allotment system used by the County Executive in this case. While inaction by the County Legislature is tantamount to approval under the allotment system *(see,* Suffolk County Charter §§ C4-27, C4-29; Suffolk County Administrative Code §§ A4-7, A4-8) the budgetary modifications involved here require the approval of the County Legislature *(see,* Suffolk County Charter § C4-31 [D]; *Matter of Slominski v Rutowski,* 91 AD2d 202, *mod on other grounds* 62 NY2d 781; *Matter of Henry v Noto,* 74 AD2d 604, *mod on other grounds* 50 NY2d 816) and the inaction by the County Legislature is tantamount to rejection of the proposed modification *(see,* Suffolk County Charter § C4-31 [D]; *Suffolk County Assn. of Mun. Employees v County of Suffolk,* 163 AD2d 469, 472). Moreover, those cases on which the defendant relies *(see, Matter of Caputo v Halpin,* 160 AD2d 938, *affd* 78 NY2d 117; *Matter of Romaine v Halpin,* 160 AD2d 945, *affd* 78 NY2d 117) are distinguishable in that they deal with a temporary hiring freeze effectuated by the County Executive in order to avoid a budget deficit (see, Suffolk County Charter § C4-29) rather than with a budget modification *(see,* Suffolk County Charter § C4-31; *Suffolk County Assn. of Mun. Employees v County of Suffolk, supra).*

With regard to the propriety of the judgment that was signed by the Supreme Court, a judgment must speak as of its

date and be based on the then existing facts *(see, Reiner v Reiner,* 100 AD2d 872, 875). The parties agree that most of the positions that are at issue on this appeal were lawfully abolished with the adoption of the County's 1991 operating budget. Therefore, the Supreme Court did not err in enjoining the defendant from laying off, and in reinstating only those employees whose positions were not abolished, and in awarding back pay only through December 31, 1990, to the remaining employees whose positions were abolished. Kunzeman, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.