In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel William Steinhaus, the County Executive of the County of Dutchess, to take such steps as are necessary to add the petitioner Frederick Knapp to the payroll of the County of Dutchess in the position of Assistant to the Chairman of the Dutchess County Legislature, the appeal is from an order and judgment (one paper) of the Supreme Court, Dutchess County (Brands, J.), dated April 29, 2008, which denied the motion of William Steinhaus, the County Executive of the County of Dutchess, to dismiss the petition pursuant to CPLR 3211 (a) (7) and 7804 (f), and granted the petition.
Ordered that the order and judgment is affirmed, with costs.
In December 2007 in anticipation of a possible shortfall in the *470 budget of the County of Dutchess, William Steinhaus, the County Executive of the County of Dutchess, issued Executive Order No. 2 of 2007 (hereinafter the 2007 Order). The 2007 Order imposed a temporary freeze with respect to “all hiring for current and future vacant positions in county government.” On January 9, 2008, while the 2007 Order was still in effect, the Chairman of the Dutchess County Legislature (hereinafter the County Legislature) appointed the petitioner Frederick Knapp to the position of Assistant to the Chairman of the Legislature, and requested that he be added to the County payroll. The next day, in a memorandum from the County Attorney, that request was ruled “invalid,” under authority of the 2007 Order. In February 2008 Steinhaus issued Executive Order No. 2 of 2008 (hereinafter the 2008 Order), which amended the 2007 Order by lifting the across-the-board hiring freeze and delegating to the County’s Budget Director the authority to hold positions vacant on a “case by case basis” in light of “changing budgetary conditions.” Thereafter, in March 2008, the County Legislature and Knapp commenced this proceeding, inter alia, in the nature of mandamus to compel Steinhaus to take such steps as were necessary to place Knapp on the County payroll. Steinhaus moved to dismiss the petition for failure to state a cause of action, but the Supreme Court denied the motion and granted the petition. We affirm.
Pursuant to the Dutchess County Charter, which establishes the County Executive as the “chief budgetary officer of the County” (Dutchess County Charter § 3.02 [f]), and the Dutchess County Administrative Code, which provides that, inter alia, by prescribing “quotas and allotments,” the County Executive “shall maintain control at all times over the expenditures of every unit of County government” (Dutchess County Administrative Code § 29.12 [b]), Steinhaus did have the authority to impose the temporary hiring freeze contained in the 2007 Order (cf. Matter of Caputo v Halpin, 78 NY2d 117, 125 [1991]). The hiring freeze was valid because it applied temporarily across all units of county government and “merely temporarily extended the time period during which the positions would remain unfilled” (id. at 126; cf. Suffolk County Assn. of Mun. Empls. v County of Suffolk, 175 AD2d 202, 203 [1991]). It was, in effect, a “remedial action” which the County Executive was authorized to take. He was then required to report to the Legislature, along with his recommendation as to further action, to allow the Legislature to then take such action as it deemed necessary (see Dutchess County Administrative Code § 29.10). The Dutchess County Charter and the Dutchess County Administrative Code do not, however, vest the County Executive with the *471 power to make unilateral modifications to the County budget in a given fiscal year (cf .Suffolk County Assn. of Mun. Empls. v County of Suffolk, 175 AD2d at 203). Moreover, the Dutchess County Charter vests the County Legislature, not the County Executive, with the authority to “establish or abolish positions of employment and titles thereof’ (Dutchess County Charter § 2.02 [e]). By issuing the 2008 Order, Steinhaus sought not only to make unilateral modifications to the budget, but also to delegate to the Budget Director the authority to, in effect, abolish, in her discretion, vacant budgeted positions by refusing to fill them. The 2008 Order thus ran afoul of the Dutchess County Charter by attempting to delegate discretionary power that the County Executive did not himself possess (see Matter of Henry v Noto, 50 NY2d 816, 818 [1980]; Suffolk County Assn. of Mun. Empls. v County of Suffolk, 175 AD2d at 203; cf. Matter of Caputo v Halpin, 78 NY2d at 126; Matter of Slominski v Rutkowski, 62 NY2d 781, 784 [1984]). The Supreme Court thus properly granted the petition to compel the County Executive to take such steps as are necessary to add Knapp to the County payroll in the position of Assistant to the Chairman of the County Legislature. Fisher, J.E, Miller, Dillon and Eng, JJ., concur.