■ In the Matter of CHRISTOPHER W. LONDON, Individually and as Chairman of the Coalition to Save Naumburg Bandshell, Respondent-Appellant, v ART COMMISSION OF THE CITY OF NEW YORK et al., Appellants-Respondents.—Judgment, Supreme Court, New York County (Eugene L. Nardelli, J.), entered August 24, 1992, which, *inter alia,* vacated and set aside the determination of respondent Department of Parks and Recreation of the City of New York ("Parks Department") to demolish or remove the Naumburg Bandshell, without prejudice to the submission of a plan for said action to the full Landmarks Preservation Commission ("Landmarks Commission"), is unanimously modified, on the law, to direct respon-

dents Parks Department and Art Commission of the City of New York to undertake an initial review, pursuant to 6 NYCRR 617.5 (a) (1), to determine whether the proposed action is subject to the New York State Environmental Quality Review Act (SEQRA; ECL art 8) and the City Environmental Quality Review (CEQR) regulations (62 RCNY 5-01 *et seq.;* Appendix A), and otherwise affirmed, without costs.

These cross-appeals concern the acoustic Bandshell donated by Elkan Naumburg to the City of New York 70 years ago, which is situated on the "Concert Ground" located in the northern area of the Central Park Mall. As part of a plan to restore areas of Central Park, respondent Central Park Conservancy, Inc., a not-for-profit organization formed in 1980 to assist the Parks Department to maintain and restore Central Park, drafted a document with various recommendations, including the removal of the Naumburg Bandshell, and its replacement with an alternative performance space.

It is undisputed that the Bandshell had fallen into disuse over the years, as the electronic amplification of music became more popular and rendered its acoustical qualities obsolete. Physical deterioration of the structure followed, and the area became subject to vandalism, drug dealing, and other illicit activity.

Primarily at issue before us is whether the municipal respondents have properly complied with all statutes and regulations generally applicable to gifts made for public use and enjoyment, and, specifically, to the removal of a structure such as the Naumburg Bandshell. Although the Bandshell is not itself a landmark, Central Park has been designated a "scenic landmark", as well as a national historic landmark, and any proposed changes to its landscape are accordingly subject to various approval procedures.

Upon examination of this record, we conclude that the IAS Court correctly determined that respondent's failure to obtain review of its current plan by the full Landmarks Commission constituted a violation of Administrative Code of the City of New York § 25-318 (c), which provides, in pertinent part, as follows: "[W]here the [Landmarks] commission so requests, plans for the construction, reconstruction, alteration or demolition of any landscape feature of a scenic landmark shall, prior to city action approving or otherwise authorizing the use of such plans with respect to securing the performance of such work, be referred by the agency of the city having responsibility for the preparation of such plans to the commission for a

report. Such report shall be submitted to the mayor, the city counsel and to the agency having such responsibility and shall be published in the City Record". Although the Landmarks Commission conducted a review and approved a plan in 1985, that plan differs materially from the plan submitted in 1992, and the approval of the later plan required a de novo review by the full Commission, a requirement which could not be satisfied by a mere letter from its Chairperson.

We further conclude that the municipal respondents neglected to ascertain whether SEQRA and CEQR procedures are triggered by the proposed plan to dismantle and remove the Naumburg Bandshell. Although SEQRA requires environmental review only where the impact may be "substantial" or "significant" (see, Matter of Niagara Recycling v Town Bd., 83 AD2d 335, 338-339, affd for reasons stated at App Div 56 NY2d 859), the very question of whether the proposed plan will have a substantial or significant impact requires a preliminary inquiry. Pursuant to 6 NYCRR 617.5 (a) (1), an agency must undertake an initial review to "[d]etermine whether the action is subject to SEQR[A]." This involves an assessment of whether the action is a "Type I" or "unlisted" action, which require environmental review (6 NYCRR 617.5 [b], [c]), or an "exempt", "excluded", or "Type II" action, in which case the agency has no "further" responsibilities under SEQRA (6 NYCRR 617.5 [a] [1]).

Here, respondents assert that the removal of the Naumburg Bandshell "is merely a single and routine incident of the Parks Department's overall responsibility to manage Central Park," and therefore constitutes a Type II action. We decline to accept, without an initial review, this conclusion by respondents. As noted in Town of Bedford v White (155 Misc 2d 68, 72) "In view of the fact that SEQRA entrusts some initial classifications of Type II actions to agencies, it is imperative this trust not be taken lightly and that the reason for the classification be documented." Concur—Milonas, J. P., Ellerin and Kassal, JJ.

Kupferman, J., concurs in a memorandum as follows: An asserted basis for destruction of the Bandshell is the large scale emergence of electronic amplification of music, the sounds of which have not only overwhelmed the pristine stillness of the Park, but overflowed as well into the surrounding area.

An environmental impact statement is necessary to consider whether dismantling of the Bandshell with its acoustical qualities will further the noise pollution.