■ In the Matter of TOWN OF BEDFORD, Respondent, v FRANKLIN WHITE, as Commissioner of New York State Department of Transportation, Appellant. [611 NYS2d 920] —In a proceeding pursuant to CPLR article 78 to review a determination of Franklin White, as Commissioner of New York State Department of Transportation, to install a traffic signal at the intersection of Route 22 and 172, Franklin White appeals from a judgment of the Supreme Court, Westchester County (Pirro, J.), entered July 14, 1992, which granted the petition and enjoined him from installing the traffic signal at that location.

Ordered that the judgment is affirmed, with costs.

Located within the Town of Bedford and within the hamlet known as Historic Bedford Village is an area known as "Bedford Village Green". The Bedford Village Historic District, which includes Bedford Village Green, is listed on the State and National Registers of Historic Places. The Bedford Village Green itself is triangular in shape and is bounded by Route 22 on the west and Route 172 in the east. In or about 1983 the Town requested that the New York State Department of Transportation (hereinafter the DOT) review and study the intersection of Routes 22 and 172 in the vicinity of the Bedford Village Green. The DOT performed an accident analysis, volume data collection, and physical feature documentation for the intersection, and determined that a traffic signal was necessary to insure safe operating conditions.

In early 1992, the Town referred the issue of the impact of the proposed action to the New York State Office of Parks, Recreation and Historic Preservation (hereinafter the OPRHP). In a letter to the DOT, dated April 9, 1992, the OPRHP opined that, "the proposed installation of traffic lights at the intersection of Routes 22 and 172 will not adversely impact the National Register listed Bedford Village Historic District, which currently has numerous utility poles and overhead wires in the vicinity of the Village Green". Thereafter, in an internal file memorandum of the DOT entitled "SEQRA DETERMINATION", dated April 30, 1992, the DOT determined that the proposed traffic signal would be installed under the Region's 1991-1992 Signal Requirement Contract, the proposed action "fits squarely within the category defined as Item 37 (ii) of the Department's Type II list * * * found at 17 NYCRR 15.14 (e)", and the proposed project "would not violate any of the criteria contained in the subdivision (d) of Section 15.14". In rendering its determination, the DOT referred to the OPRHP's letter of April 9, 1992. By letter dated June 26, 1992, the DOT notified the Town that it planned to proceed with the proposed action in the near future.

The Town then initiated this proceeding pursuant to CPLR article 78 to enjoin the DOT from installing the traffic signal. The Town alleged, *inter alia,* that the DOT's proposed action was arbitrary and capricious, and unlawful, on the ground that the DOT failed to comply with the requirements of SEQRA (ECL art 8) and 6 NYCRR part 617 regarding the assessment of the environmental impact of the proposed action. The DOT responded, *inter alia,* that it complied with all applicable State laws and regulations.

In the judgment appealed from, the Supreme Court held that the DOT's attempt to classify the proposed action as a Type II action was arbitrary and capricious. As a result, the court enjoined the DOT from installing the traffic signal. The court held that literal and substantive compliance with SEQRA was necessary.

Contrary to the DOT's assertion, the proposed action does not fit "squarely" within the criteria listed in 17 NYCRR 15.14 (e) (37) (ii) as a Type II action. This statute specifically requires that the installation of traffic control devices must "not violate any of the criteria contained in subdivision (d) of this section", and those criteria in subdivision (d) include the criterion that there be "no effect on any district, site * * * that is listed, or may be eligible for listing, on the National Register of Historic Places" (17 NYCRR 15.14 [d] [6]; see, 17 NYCRR 15.14 [e] [37]). The criteria for what constitutes a Type II action cannot be considered in a vacuum. Given the circumstances of this case, consideration should have been given to environmental concerns associated with the proposed action. Accordingly, the DOT's failure to identify and discuss environmental concerns was correctly viewed by the Supreme Court as improper. Thus, we agree that the DOT's classification of the proposed action as a Type II action was arbitrary and capricious (cf., Matter of McKelvey v White, 150 Misc 2d 39; Matter of Anderberg v New York State Dept. of Envtl. Conservation, 141 Misc 2d 594). Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.