◼ ALMOR ASSOCIATES et al., Respondents, v TOWN OF SKA-NEATELES, Appellant. [647 NYS2d 316] —Order unanimously reversed on the law without costs, motion granted and second amended complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion to dismiss the second amended complaint. A six-year Statute of Limitations applies to actions by a legislative body that are general in application, such as a zoning amendment (*see, Matter of Williamsville Southeast Amherst Homeowners Assn. v Sharpe,* 77 AD2d 812; CPLR 213 [1]; *see also, Matter of Litz v Town Bd.,* 197 AD2d 825, 828, n 4). The first five causes of action of the second amended complaint allege that the 1977 zoning amendment is unconstitutional, illegal, discriminatory, and confiscatory. It is not disputed that the original complaint was served more than six years after the adoption of the 1977 zoning amendment; thus, the first five causes of action are time-barred. Plaintiffs contend that a 10-year Statute of Limitations applies (*see,* CPLR 212 [a]). The 10-year Statute of Limitations is limited to matters of adverse possession. Because there was no physical possession of plaintiffs' property by defendant, that section is inapplicable (*cf., Greenman v City of Cortland,* 141 AD2d 910, *lv denied* 79 NY2d 758).

The remaining cause of action alleges breach of contract, contract interference, and delay damages based on defendant's failure to provide adequate sewer facilities. That cause of action refers to a 1991 "conditional offer" of plaintiffs to terminate this litigation in exchange for the rezoning of a parcel of property to "Commercial" and issuance of a building permit for the construction of a shopping center on that parcel. After receiving the conditional offer, defendant adopted a zoning amendment rezoning the parcel to "Commercial", but no building permit was ever issued. We conclude that defendant was not bound by the terms of the offer because a municipality "cannot contract away or in any manner limit or impair the discretionary authority of future [legislative bodies] in an area relating to governmental or legislative functions" (*Quigley v*

*City of Oswego*, 71 AD2d 795, *lv denied* 48 NY2d 607; *see, Morin v Foster*, 45 NY2d 287; *Friends of Keuka Lake v DeMay*, 206 AD2d 850). Plaintiffs' reliance on *Town of Orangetown v Magee* (88 NY2d 41) is misplaced. There, the Court of Appeals held that, where a party has a vested right to build, any interference with that right subjects a municipality to liability pursuant to 42 USC § 1983. Here, plaintiffs have a vested right to build the first phase of the subdivision, that is, 31 homes. There is no evidence in the record that plaintiffs have "more than a mere expectation or hope" to construct the remainder of the subdivision or the shopping center (*Town of Orangetown v Magee, supra*, at 52). (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Dismiss Complaint.) Present—Denman, P. J., Green, Callahan, Doerr and Davis, JJ.