■ ARNOLD A. ABRAMO, M.D., Appellant, v HEALTHNOW NEW YORK, Doing Business as BLUE CROSS & BLUE SHIELD OF WESTERN NEW YORK, et al., Respondents. [758 NYS2d 745] —Appeal from an order of Supreme Court, Erie County (O'Donnell, J.), entered May 14, 2002, which, inter alia, denied plaintiff's motion for a preliminary injunction.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff, a participating pediatrician in defendants' managed care networks, commenced this action alleging, inter alia, breach of contract, and moved for a preliminary injunction enjoining defendants from terminating his contract pending trial. Supreme Court properly denied the motion. In August 2001 plaintiff admitted to two charges brought against him by the New York State Department of Health's Board for Professional Medical Conduct (Board). A consent order was entered, requiring that plaintiff treat all female patients 10 years of age or older in the presence of a chaperone and that he refer all patients needing breast examinations to appropriate physicians. Defendants terminated plaintiff's contract effective October 1, 2001 on the ground that plaintiff's license was "restricted" and plaintiff therefore no longer met their minimum criteria for pediatricians. According to plaintiff, the Board's disciplinary action did not impair his ability to practice pediatrics, and therefore defendants should have conducted a hearing prior to terminating his contract (*see* Insurance Law § 4803 [b] [1]; Public Health Law § 4406-d [2] [a]). In support of his motion, plaintiff alleges that 30% of his patients were members of defendants' health insurance plans and that, due to defendants' actions in terminating his contract, he has sustained irreparable damage to the reputation and profitability of a practice that he built up over a period of 42 years.

"A motion for a preliminary injunction is addressed to the sound discretion of the trial court and the decision of the trial court on such a motion will not be disturbed on appeal, unless there is a showing of an abuse of discretion" (*Watmet, Inc. v Robinson,* 116 AD2d 998, 999 [1986]). Here, plaintiff failed to meet his burden of establishing "irreparable injury absent the

granting of the preliminary injunction" (*id.*), and thus we perceive no abuse of discretion (*see Clark v Cuomo*, 63 NY2d 96, 98 [1984]; *see generally Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Emerald Enters. of Rochester v Chili Plaza Assoc.*, 237 AD2d 912 [1997]). "Loss of employment, although most likely to cause severe hardship, does not constitute irreparable damage" (*Matter of Armitage v Carey*, 49 AD2d 496, 498 [1975]). If plaintiff succeeds at trial, he "can be adequately compensated with money damages" for the loss of patients and fees (*Main Evaluations v State of New York*, 296 AD2d 852, 854 [2002], *appeal dismissed and lv denied* 98 NY2d 762 [2002]; *cf. Gambar Enters. v Kelly Servs.*, 69 AD2d 297, 306-307 [1979]). Present—Pigott, Jr., P.J., Green, Pine and Burns, JJ.