█ GURMEET DHILLON, M.D., Respondent, v HEALTHNOW NEW YORK, INC., Doing Business as BLUECROSS BLUESHIELD OF WNY and COMMUNITY BLUE, Appellant. [821 NYS2d 703]—

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered October 28, 2005. The order, insofar as appealed from, granted a temporary restraining order enjoining defendant from not renewing the participating physician agreement during the pendency of the dispute resolution process.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the second ordering paragraph is vacated.

Memorandum: Plaintiff was a participating physician with

defendant health care plan and operated an MRI scanner in the Western New York area. The parties executed a standard form contract referred to as the participating physician agreement (PPA). In 2004, defendant notified plaintiff of its intent to terminate the PPA. Plaintiff demanded a hearing with respect to the proposed termination and, following a hearing, defendant rescinded the notice of termination.

Several months later, defendant advised plaintiff that it would not renew the PPA upon its anticipated expiration on June 30, 2005. In August 2005, plaintiff commenced the instant action seeking damages for the allegedly wrongful nonrenewal of the PPA. In his complaint, plaintiff alleges that the reasons for non-renewal were retaliation for his complaints about defendant to various governmental agencies, his advocacy on behalf of enrollees, and his request for a termination hearing.

Defendant moved for a stay of the action pursuant to CPLR 2201, asserting that section 9.14 of the PPA required the parties to resolve any disputes arising under the PPA through negotiation and mediation and ultimately arbitration. Plaintiff opposed the motion for a stay and, in the event Supreme Court granted the motion, cross-moved for, inter alia, an order preliminarily enjoining defendant from not renewing the PPA pending completion of the dispute resolution process. The court granted the motion for a stay and concluded that the parties should proceed with the dispute resolution process outlined in the PPA. The court also granted a temporary restraining order enjoining defendant from not renewing the PPA during the pendency of the dispute resolution process.

The court abused its discretion in granting a temporary restraining order in favor of plaintiff. Plaintiff failed to establish any irreparable injury that could not be adequately compensated by money damages (*see Abramo v HealthNow N.Y.*, 305 AD2d 1009, 1010 [2003]; *Betesh v Jemal*, 209 AD2d 568, 569 [1994]; *Haulage Enters. Corp. v Hempstead Resources Recovery Corp.*, 74 AD2d 863, 864 [1980]). Loss of employment does not constitute irreparable damage (*see Abramo*, 305 AD2d at 1010; *Matter of Armitage v Carey*, 49 AD2d 496, 498 [1975]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche and Green, JJ.