■ MIRANDA HOLDINGS, INC., Petitioner-Respondent, v TOWN BOARD OF TOWN OF ORCHARD PARK, Respondent-Appellant. [58 NYS3d 851]—

Appeal from a judgment of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered March 23, 2016 in a proceeding pursuant to CPLR article 78 and a declaratory judgment action. The judgment, among other things, determined that the subject project is a Type II action pursuant to the State Environmental Quality Review Act.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by annulling the determination that the project is a Type II action pursuant to the State Environmental Quality Review Act (ECL art 8), and as modi-

fied the judgment is affirmed without costs, and the matter is remitted to defendant-respondent for a new determination in accordance with the following memorandum: This appeal arises from the request of plaintiff-petitioner (plaintiff) for the approval of defendant-respondent (defendant) for a proposed commercial structure that included a Tim Horton's restaurant with a drive-through window. Defendant initially issued a positive declaration pursuant to the State Environmental Quality Review Act ([SEQRA] ECL art 8) in which it, inter alia, designated the project as an "unlisted action" rather than a Type I or Type II action pursuant to SEQRA and requested that plaintiff prepare a draft environmental impact statement (DEIS) in connection with its proposal. After plaintiff submitted an updated site plan and requested that defendant reclassify the project as a Type II action pursuant to SEQRA, thereby eliminating the need for a DEIS, defendant adopted Orchard Park Local Law No. 9-2014, which provided, inter alia, that actions that involved "[d]rive-through stations or windows, including but not limited to restaurants and banks" would be designated as Type I actions under SEQRA. Defendant subsequently denied plaintiff's request that the project be reclassified as a Type II action, and unanimously adopted a resolution that designated the project a Type I action.

Plaintiff commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, a declaration that Orchard Park Local Law No. 9-2014 is invalid, and a judgment annulling defendant's determination that the project is a Type I action and determining that the project is a Type II action. Supreme Court granted judgment in favor of plaintiff, declaring that Local Law No. 9-2014 is null and void "insofar as that law designates drive-through facilities as Type I actions under SEQRA," annulling defendant's classification of the project as a Type I action, and determining that the project is a Type II action. Defendant appeals.

Contrary to defendant's contention, we conclude that plaintiff's first cause of action, which seeks a declaration invalidating Local Law No. 9-2014 in full or to the extent that the law improperly empowered defendant to classify projects that are Type II actions pursuant to SEQRA as Type I actions, was timely commenced inasmuch as it is a challenge to the substance of the law and is therefore subject to a six-year statute of limitations pursuant to CPLR 213 (1) (*see Schiener v Town of Sardinia*, 48 AD3d 1253, 1254 [2008]; *Matter of Jones v Amicone*, 27 AD3d 465, 470 [2006]; *Matter of McCarthy v Zoning Bd. of Appeals of Town of Niskayuna*, 283 AD2d 857, 858 [2001]).

We further conclude that the court properly declared that Local Law No. 9-2014 is invalid inasmuch as it is inconsistent with 6 NYCRR 617.5 (c) (7) to the extent that it classifies "[d]rive-through stations or windows" such as "restaurants" as Type I actions under SEQRA. A local law that is "inconsistent with SEQRA" must be invalidated (*Glen Head-Glenwood Landing Civic Council v Town of Oyster Bay*, 88 AD2d 484, 493 [1982]; *see* Municipal Home Rule Law § 10 [1] [i]). Here, although 6 NYCRR 617.5 (c) (7) does not explicitly include the construction of a restaurant with a drive-through window as a Type II action, we conclude that the Department of Environmental Conservation contemplated restaurants with drive-through windows as Type II actions when it promulgated that regulation (*see e.g.* SEQR Handbook at 32 [3d ed 2010]; Healy & Karmel, Environmental Law and Regulation in New York § 4:5 [2d ed 9 West's NY Prac Series]; Department of Environmental Conservation, Final Generic Environmental Impact Statement on the Proposed Amendments to the State Environmental Quality Review Act [SEQRA] Regulations at 24-27 [1995]). We similarly conclude that the court properly annulled defendant's classification of the project as a Type I action on the ground that the classification was affected by an error of law inasmuch as Local Law No. 9-2014 is inconsistent with SEQRA (*see generally Matter of Zutt v State of New York*, 99 AD3d 85, 102 [2012]; *Matter of Omni Partners v County of Nassau*, 237 AD2d 440, 442-443 [1997]; *Matter of Town of Bedford v White*, 204 AD2d 557, 559 [1994]). Nonetheless, the court should have declined to accept, without a revised review by defendant, plaintiff's contention that the project should be classified as a Type II action (*see generally Matter of London v Art Commn. of City of N.Y.*, 190 AD2d 557, 559 [1993], *lv denied* 82 NY2d 652 [1993]; *Town of Bedford v White*, 155 Misc 2d 68, 70-72 [1992], *affd* 204 AD2d 557 [1994]). We therefore modify the judgment by annulling the determination that the project is a Type II action, and we remit the matter to defendant for a new determination. Present—Whalen, P.J., Peradotto, DeJoseph and Winslow, JJ.