Matter of Weikel v Town of W. Turin (2018 NY Slip Op 04876)





Matter of Weikel v Town of W. Turin


2018 NY Slip Op 04876


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, TROUTMAN, AND WINSLOW, JJ.


644 CA 18-00076

[*1]IN THE MATTER OF JERRY WEIKEL, SR., PLAINTIFF-PETITIONER-RESPONDENT,
v
TOWN OF WEST TURIN AND RICHARD FAILING, IN HIS CAPACITY AS SUPERINTENDENT OF HIGHWAYS FOR TOWN OF WEST TURIN, DEFENDANTS-RESPONDENTS-APPELLANTS. 






HRABCHAK & GEBO, P.C., WATERTOWN (MARK G. GEBO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS.
CAMPANY, MCARDLE & RANDALL, PLLC, LOWVILLE (KEVIN M. MCARDLE OF COUNSEL), FOR PLAINTIFF-PETITIONER-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Lewis County (James P. McClusky, J.), entered June 27, 2017 in a CPLR article 78 proceeding and declaratory judgment action. The judgment, insofar as appealed from, granted in part the motion of plaintiff-petitioner for summary judgment and declared that the Town of West Turin Local Law No. 1 of 1997 is invalid. 
It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety, the declaration is vacated, and defendants-respondents are granted summary judgment dismissing the second cause of action to the extent it seeks declaratory relief.
Memorandum: Defendant-respondent Town of West Turin (Town) enacted Local Law No. 1 of 1997 (Local Law), which allowed the Town to classify certain roads as "minimum maintenance roads" and granted the superintendent of highways the authority to determine the amount of maintenance provided to such roads, including snow plowing. In August 2004, plaintiff-petitioner (plaintiff) purchased property along Bower Road, also known as Bauer Road. After several years of development pursuant to various applications that were granted by the Town and Lewis County (County), including a "certificate of occupancy/compliance" issued by the County in June 2008 indicating that a single family dwelling constructed on the property conformed to the approved plans and applicable provisions of law, plaintiff decided in 2014 to relocate permanently to the property and requested that the Town assume responsibility to plow Bower Road. Following certain proceedings not directly relevant on this appeal, the Town declined to remove the classification and to plow Bower Road, which, according to defendant-respondent Richard Failing, the Town's superintendent of highways, is essentially a one-lane, substandard dirt road of limited width that has never received winter maintenance.
Plaintiff thereafter commenced this hybrid declaratory judgment action and CPLR article 78 proceeding seeking various forms of relief, including a declaration that the Local Law is invalid. In their answer, defendants-respondents (defendants) asserted several affirmative defenses, including that plaintiff's challenge to the validity of the Local Law was untimely. Plaintiff eventually moved for summary judgment contending, among other things, that Highway Law § 140 imposes a duty upon the superintendent of highways to remove snow that obstructs all town highways, including Bower Road, and that the Local Law was invalid under state law. Supreme Court determined that plaintiff's challenge to the Local Law was not time-barred and granted plaintiff's motion in part by declaring that the Local Law is invalid on the ground that it conflicts with Highway Law § 140. Defendants appeal.
We agree with defendants that plaintiff's challenge to the validity of the Local Law is untimely, and we therefore reverse the judgment insofar as appealed from and deny plaintiff's motion in its entirety. Furthermore, although defendants did not cross-move for summary judgment dismissing as time-barred plaintiff's second cause of action to the extent that it seeks a declaration that the Local Law is invalid, we search the record and grant summary judgment to defendants dismissing the second cause of action to that extent where, as here, the affirmative defense was "the subject of the motion[] before the court" (Dunham v Hilco Constr. Co., 89 NY2d 425, 430 [1996]; see CPLR 3212 [b]; Delaine v Finger Lakes Fire & Cas. Co., 23 AD3d 1143, 1144 [4th Dept 2005]). Contrary to plaintiff's contention and the court's determination, to the extent that plaintiff seeks a declaration that the presumptively valid Local Law is invalid (see NY Const art IX, § 2 [c] [ii] [6]; Municipal Home Rule Law § 10 [1] [ii] [a] [6]; Holt v County of Tioga, 56 NY2d 414, 417-418 [1982]), plaintiff's challenge is to the substance of the Local Law and is therefore subject to the six-year statute of limitations pursuant to CPLR 213 (1) (see Miranda Holdings, Inc. v Town Bd. of Town of Orchard Park, 152 AD3d 1234, 1235 [4th Dept 2017], lv denied 30 NY3d 905 [2017]; Matter of McCarthy v Zoning Bd. of Appeals of Town of Niskayuna, 283 AD2d 857, 858 [3d Dept 2001]; Almor Assoc. v Town of Skaneateles, 231 AD2d 863, 863 [4th Dept 1996]). "As a general principle, the statute of limitations begins to run when a cause of action accrues (see CPLR 203 [a]), that is, when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court' " (Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770 [2012]). Here, plaintiff could have sought a declaration that the Local Law was invalid in August 2004 when he purchased the property on Bower Road that was subject to the "minimum maintenance road" classification under the Local Law (see Atlas Henrietta, LLC v Town of Henrietta Zoning Bd. of Appeals, 46 Misc 3d 325, 339 [Sup Ct, Monroe County 2013], affd 120 AD3d 1606 [4th Dept 2014]; see generally CPLR 3001; Zwarycz v Marnia Constr., Inc., 102 AD3d 774, 776 [2d Dept 2013]). Plaintiff's second cause of action to the extent that it seeks a declaration was brought well after the expiration of the six-year limitations period and is therefore untimely.
In light of our determination, we do not consider defendants' remaining contentions. Finally, we note that plaintiff did not take a cross appeal from that part of the judgment denying his motion to the extent that it sought relief pursuant to CPLR article 78, and thus his contentions regarding such relief are not properly before us (see Harris v Eastman Kodak Co., 83 AD3d 1563, 1564 [4th Dept 2011]; Ames v Norstar Bldg. Corp., 19 AD3d 1016, 1017 [4th Dept 2005]; see generally CPLR 5515 [1]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court