Matter of Pilot Travel Ctrs., LLC v Town Bd. of Town of Bath (2018 NY Slip Op 05082)





Matter of Pilot Travel Ctrs., LLC v Town Bd. of Town of Bath


2018 NY Slip Op 05082


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


539 CA 17-01703

[*1]IN THE MATTER OF PILOT TRAVEL CENTERS, LLC, PETITIONER-APPELLANT,
v
TOWN BOARD OF TOWN OF BATH, TOWN OF BATH PLANNING BOARD, MICHAEL LUFFRED, IN HIS OFFICIAL CAPACITY AS CODE ENFORCEMENT OFFICER OF TOWN OF BATH, LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., RESPONDENTS-RESPONDENTS, ET AL., RESPONDENTS. (APPEAL NO. 1.) 






HODGSON RUSS LLP, BUFFALO (JOEL J. TERRAGNOLI OF COUNSEL), FOR PETITIONER-APPELLANT. 
JEFFREY E. SQUIRES, BATH, FOR RESPONDENTS-RESPONDENTS TOWN BOARD OF TOWN OF BATH, TOWN OF BATH PLANNING BOARD, AND MICHAEL LUFFRED, IN HIS OFFICIAL CAPACITY AS CODE ENFORCEMENT OFFICER OF TOWN OF BATH.
WHITEMAN OSTERMAN & HANNA LLP, ALBANY (CHRISTOPHER M. MCDONALD OF COUNSEL), FOR RESPONDENT-RESPONDENT LOVE'S TRAVEL STOPS & COUNTRY STORES, INC. 


 Appeal from a judgment (denominated order) of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered July 7, 2017 in a proceeding pursuant to CPLR article 78. The judgment denied the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner operates a truck stop directly across from the Kanona Truck Stop located in the Town of Bath, a respondent in appeal No. 2 (Town). In July 2016, Love's Travel Stops & Country Stores, Inc., a respondent in appeal No. 1 (Love's), informed the Town of Bath Planning Board, also a respondent in appeal No. 1 (Planning Board), that it had contracted to purchase the Kanona Truck Stop with the intent of constructing a state-of-the-art travel center (project). The Planning Board adopted a resolution designating itself as the State Environmental Quality Review Act ([SEQRA] ECL art 8) "lead agency" for the project, and Love's submitted to it a site plan application for the project. On January 17, 2017, the Planning Board published a notice of public hearing regarding Love's site plan application. The public hearing was held about a week later, and counsel for petitioner attended, but did not offer any comments or objections. After the hearing, the Planning Board issued a negative declaration under SEQRA, classified the project as a SEQRA Type I action, and determined that the project would not create significant adverse environmental impacts and did not require an Environmental Impact Statement (EIS).
In March 2017, petitioner commenced a CPLR article 78 proceeding seeking to, inter alia, enjoin construction of the project and to annul the negative declaration on the grounds that the Planning Board failed to require an EIS for the project as mandated by Chapter 59 of the Town Code and to take the requisite "hard look" at the environmental impact of the project. In April 2017, the Town adopted a resolution repealing Chapter 59 because it was no longer consistent with SEQRA. Supreme Court thereafter entered the judgment in appeal No. 1, which denied the relief requested in the petition.
While the first proceeding was pending, petitioner commenced a second CPLR article 78 proceeding seeking, inter alia, to annul the repeal of Chapter 59. By the judgment in appeal No. 2, the court dismissed the second petition based on, inter alia, petitioner's lack of standing. Petitioner now appeals from both judgments.
Although we agree with petitioner in appeal No. 1 that its allegations of harm were sufficient to confer standing upon it and were not rendered moot by the subsequent repeal of Chapter 59 of the Town Code (see generally Matter of Sierra Club v Village of Painted Post, 26 NY3d 301, 310-311 [2015]), we conclude that petitioner failed to exhaust its administrative remedies (see Matter of Michalak v Zoning Bd. of Appeals of Town of Pomfret, 286 AD2d 906, 908 [4th Dept 2001]). The record establishes that the Planning Board, as the lead agency on the project, held a public hearing that petitioner's counsel attended, but during which he remained silent. Although petitioner made a FOIL request two days after the public hearing, that request did not alert the Planning Board of any specific concerns.
Even assuming, arguendo, that petitioner exhausted its administrative remedies, we reject its contention that the Planning Board's determination was arbitrary and capricious inasmuch as it failed to follow Chapter 59 of the Town Code. "A local law that is inconsistent with SEQRA' must be invalidated" (Miranda Holdings, Inc. v Town Bd. of Town of Orchard Park, 152 AD3d 1234, 1236 [4th Dept 2017], lv denied 30 NY3d 905 [2017]). "[I]nconsistency has been found where local laws prohibit what would have been permissible under State law or impose prerequisite additional restrictions on rights under State law, so as to inhibit operation of the State's general laws" (New York State Club Assn. v City of New York, 69 NY2d 211, 217 [1987], affd 487 US 1 [1988] [internal quotation marks omitted]). Here, section 59-3 (A) of the Town Code provided that "Type I actions are likely to have an effect on the environment and will, therefore, require the preparation of an environmental impact statement." SEQRA, on the other hand, provides that, "[t]he lead agency must determine the significance of any Type I . . . action . . . [and,] [t]o require an EIS for a proposed action, the lead agency must determine that the action may include the potential for at least one significant adverse environmental impact" (6 NYCRR 617.7 [a] [1]). Thus, Chapter 59 is inconsistent with SEQRA because SEQRA permits a negative declaration for Type I actions, whereas Chapter 59 effectively precluded a negative declaration in such actions.
Furthermore, where "an agency has followed the procedures required by SEQRA, a court's review of the substance of the agency's determination is limited" (Matter of Eadie v Town Bd. of Town of N. Greenbush, 7 NY3d 306, 318 [2006]). "It is well established that, in reviewing the substantive issues raised in a SEQRA proceeding, [a] court will not substitute its judgment for that of the agency if the agency reached its determination in some reasonable fashion" (Matter of Town of Marilla v Travis, 151 AD3d 1588, 1591 [4th Dept 2017] [internal quotation marks omitted]). Contrary to petitioner's contention, we conclude that the Planning Board properly "identified the relevant areas of environmental concern, took a hard look' at them, and made a reasoned elaboration' of the basis for its determination" (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986]). Additionally, we conclude that the court did not abuse its discretion in denying petitioner's request for a preliminary injunction inasmuch as petitioner failed to establish that it would suffer irreparable injury as a result of the project (see Abramo v HealthNow N.Y., 305 AD2d 1009, 1009-1010 [4th Dept 2003]).
Contrary to petitioner's contention in appeal No. 2, we conclude that the court properly determined that petitioner lacked standing to commence the second CPLR article 78 proceeding, challenging the repeal of Chapter 59. To establish standing, petitioner "must not only allege, but if the issue is disputed must prove, that [its] injury is real and different from the injury most members of the public face. Standing requirements are not mere pleading requirements but rather an indispensable part of the [petitioner's] case' and therefore each element must be supported in the same way as any other matter on which the [petitioner] bears the burden of proof' " (Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 306 [2009]). Petitioner's "status of neighbor . . . does not automatically provide the admission ticket' to judicial review" in a land use case, such as this (Matter of Brighton Residents Against Violence to Children, Inc. v MW Props., 304 AD2d 53, 58 [4th Dept 2003], lv denied 100 NY2d 514 [2003]), especially where, as here, the repeal of Chapter 59 does not create an injury unique to petitioner. Further, the resolution repealing Chapter 59 does not eliminate environmental review requirements for the Town, and instead expressly provides that all such land use projects [*2]remain subject to review under SEQRA. Consequently, inasmuch as petitioner failed to establish an injury distinct from members of the public at large, it lacks standing to contest the repeal of Chapter 59 (see Matter of Niagara Preserv. Coalition, Inc. v New York Power Auth., 121 AD3d 1507, 1509 [4th Dept 2014], lv denied 25 NY3d 902 [2015]; Matter of Bolton v Town
of S. Bristol Planning Bd., 38 AD3d 1307, 1308 [4th Dept 2007]).
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court