Matter of Mimassi v Zoning Bd. of Appeals of Vil. of N.Y. Mills (2023 NY Slip Op 04021)

Matter of Mimassi v Zoning Bd. of Appeals of Vil. of N.Y. Mills

2023 NY Slip Op 04021

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

401 CA 22-01048

[*1]IN THE MATTER OF MICHAEL MIMASSI, PETITIONER-PLAINTIFF-APPELLANT,
v
ZONING BOARD OF APPEALS OF VILLAGE OF NEW YORK MILLS, RICHARD LENART, ERNIE TALERICO, JOHN CONSTAS AND TRUSTEES OF VILLAGE OF NEW YORK MILLS, RESPONDENTS-DEFENDANTS-RESPONDENTS. 

LAW OFFICE OF KEVIN T. O'BRIEN, WILLIAMSVILLE (KEVIN T. O'BRIEN OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT. 
KATHRYN M. FESTINE, UTICA, FOR RESPONDENTS-DEFENDANTS-RESPONDENTS.

 Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered June 23, 2022, in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The judgment dismissed in part the amended petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-plaintiff (petitioner) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking various relief. In early 2020, petitioner purchased a home (property) in an R-1 district in the Village of New York Mills (Village). The property had previously been owned by members of petitioner's family since 1944 and was used as a multi-family dwelling. The Village's zoning ordinance, enacted in 1973, allowed one-family dwellings but not multi-family dwellings in an R-1 district. The ordinance further provided, however, that the lawful use of any land or building as of the time the zoning ordinance was adopted in 1973 may be continued as a nonconforming use, so long as the nonconforming use was not discontinued for a period of one year. After purchasing the property, petitioner was issued building permits from respondent-defendant John Constas, a code enforcement officer for the Village, to construct two decks on the property and renovate the interior of the residence. Upon inspection of the property, however, Constas issued an "order to remedy violation" and denied petitioner's application for a certificate of occupancy for the renovated four-family dwelling on the ground, inter alia, that the nonconforming use of the building was discontinued. Petitioner appealed the denial of the certificate of occupancy to respondent-defendant Zoning Board of Appeals of Village of New York Mills (ZBA). After a hearing, the ZBA denied the appeal, finding that the property was a two-family dwelling at the time the zoning ordinance was adopted and had not maintained that nonconforming use status.
In his amended petition-complaint (amended petition), petitioner sought a declaration that the Village's zoning ordinance was invalid and further sought, inter alia, to annul the ZBA's determination that the property was not a four-family dwelling nonconforming use. In their amended answer, respondents-defendants asserted that, "in the interest of equity," they would allow the property to continue to be used as a two-family dwelling nonconforming use. Supreme Court granted the amended petition to the extent that it sought to annul the ZBA's determination that a continuous nonconforming use as a two-family dwelling did not exist and otherwise dismissed the amended petition. We affirm.
We agree with the court that petitioner's substantive challenge to the zoning ordinance is time-barred (see CPLR 213 [1]; Almor Assoc. v Town of Skaneateles, 231 AD2d 863, 863 [4th Dept 1996]; see generally Westhampton Beach Assoc., LLC v Incorporated Vil. of Westhampton Beach, 151 AD3d 793, 795-796 [2d Dept 2017], lv dismissed 31 NY3d 929 [2018]; Schiener v Town of Sardinia, 48 AD3d 1253, 1254 [4th Dept 2008]). The statute of limitations commenced in 1973 when the zoning ordinance was enacted (see Matter of McCarthy v Zoning Bd. of Appeals of Town of Niskayuna, 283 AD2d 857, 858 [3d Dept 2001]; Almor Assoc., 231 AD2d at 863; see generally New York Ins. Assn., Inc. v State of New York, 145 AD3d 80, 88-89 [3d Dept 2016], lv denied 29 NY3d 910 [2017]) and not, as argued by petitioner, when he applied to rezone the property.
With respect to petitioner's challenge to the ZBA's determination that the property was not a four-family dwelling nonconforming use, the evidence before the ZBA showed that the property was a two-family dwelling prior to petitioner's renovations, and petitioner did not submit any evidence before the ZBA for it to conclude otherwise. Contrary to petitioner's contention, the court did not err in failing to conduct a hearing on whether there was a nonconforming use as a four-family dwelling. A determination of a zoning board "should be sustained on judicial review if it has a rational basis and is supported by substantial evidence" (Matter of Pelican Point LLC v Hoover, 50 AD3d 1497, 1498 [4th Dept 2008] [internal quotation marks omitted]; see Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]), which is the case here. We reject petitioner's further contention that the ZBA is estopped from enforcing the zoning ordinance (see generally Matter of Parkview Assoc. v City of New York, 71 NY2d 274, 282 [1988], rearg denied 71 NY2d 995 [1988], cert denied 488 US 801 [1988]).
We do not address petitioner's contentions that are raised for the first time in his reply brief (see Becker-Manning, Inc. v Common Council of City of Utica, 114 AD3d 1143, 1144 [4th Dept 2014]), and we have considered petitioner's remaining contentions in his main brief and conclude that they do not warrant modification or reversal of the judgment.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court