Matter of Detering v New York City Envtl. Control Bd. (2025 NY Slip Op 06646)

Matter of Detering v New York City Envtl. Control Bd.

2025 NY Slip Op 06646

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Renwick, P.J., Scarpulla, Kapnick, Mendez, O'Neill Levy, JJ. 

Index No. 159847/23|Appeal No. 5273|Case No. 2024-04806|

[*1]In the Matter of Dietmar Detering, et al., Petitioners-Appellants,
v
New York City Environmental Control Board, et al., Respondents-Respondents.

Cohen & Green PLLC, Ridgewood (J. Remy Green of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York (Amy McCamphill of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about June 13, 2024, which, to the extent appealed from as limited by the briefs, denied so much of the amended petition and complaint, in this hybrid proceeding brought pursuant to CPLR articles 30 and 78, seeking a judgment declaring unconstitutional an amendment to the Administrative Code of the City of New York enacted by respondent New York City Council (City Council) and seeking to annul passage of the law as arbitrary and capricious due to the failure to conduct an environmental review, unanimously affirmed, without costs.
Petitioners' contentions that Local Law No. 16 of 2024 (Local Law 16) unconstitutionally impedes an alleged contract between them and the City under which they bring civil enforcement proceedings of the Noise Control Code at their own expense, violates their due process rights, and effects a taking of private property without just compensation are meritless (see Administrative Code of City of NY § 24-261[d]-[e]; Local Law No. 16 [2024] of City of NY, §§ 1-2).
"[A]bsent some clear indication that the Legislature intends to bind the State contractually, a statute is presumed not to create private contractual or vested rights, but merely to declare a policy to be pursued until the Legislature shall ordain otherwise" (Medical Socy. of State of N.Y. v Sobol, 192 AD2d 78, 80 [3d Dept 1993], appeal dismissed 82 NY2d 802 [1993], cert denied 511 US 1152 [1994]). Indeed, "it is settled that, before a law may be deemed to amount to a contract between the State and a third party, the statutory language must be examined and found to be 'plain and susceptible of no other reasonable construction' than that a contract was intended" (Pennsylvania R.R. Co. v State of New York, 11 NY2d 504, 511 [1962] [internal quotation marks and citation omitted]).
The Noise Control Code does not create a contract between petitioners, as citizen complainants, and the City regarding either complainants' ability to commence and prosecute administrative enforcement actions or their eventual recovery of "fair and reasonable compensation" to be paid "out of the proceeds collected" (Administrative Code § 24-261[c]-[e]; see generally American Economy Ins. Co. v State of New York, 30 NY3d 136, 150 [2017], quoting General Motors Corp. v Romein, 503 US 181, 186 [1992]). The fact that the respondent agency, the Environmental Control Board (ECB), "may remit, in whole or in part . . . a civil penalty if, at the conclusion of the hearing or at the time of the board determination . . . the respondent is no longer in violation" (Administrative Code § 24-257[b][5]), renders any purported agreement to pay compensation under the Noise Control Code illusory (see Lend Lease (US) Constr. LMB Inc. v Zurich Am. Ins. Co., 28 NY3d 675, 684 [2017]). Moreover, the citizen nforcement provision is akin to federal qui tam statutes allowing citizens to assert claims in litigation on behalf of the government and collect from any judgment imposed. The federal courts have rejected the argument that such a law is "a unilateral contract offer" as "inconsistent with the history of qui tam provisions" (Brooks v Dunlop Mfg. Inc., 702 F3d 624, 632 [Fed Cir 2012]). Because "there is no existing contractual agreement regarding the terms changed by the legislation, there is no need to consider whether there was in fact an impairment and whether it was substantial" (Consumers Union of U.S., Inc. v State of New York, 5 NY3d 327, 359 [2005]).
Similarly, petitioners fail to demonstrate the existence of a "vested property interest and then demonstrate how the legislative amendment adversely impacts that property interest," sufficient to support the constitutional takings and due process violations asserted (American Economy Ins. Co., 30 NY3d at 157). Petitioners' asserted rights are not vested but "inchoate and subject to contingencies" because any right to recover does not inure to a citizen complainant's benefit until a proceeding is concluded and the City has collected the penalty, and because ECB is empowered to remit the penalty entirely (American Economy Ins. Co., 30 NY3d at 157; see Administrative Code § 24-257[b][5]; see also Brooks, 702 F3d at 632; Rogers v Tristar Products, Inc., 559 F Appx 1042, 1045 [Fed Cir 2012]).
Additionally, the alleged retroactivity of Local Law 16 does not violate due process, as it does not "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 365 [2020], quoting Landgraf v USI Film Products, 511 US 244, 280 [1994]). Even if the challenged law were retroactive, the record demonstrates that the City Council had "'a legitimate legislative purpose furthered by rational means'" (American Economy Ins. Co., 30 NY3d at 157-158, quoting General Motors Corp., 503 US at 191).
Turning to petitioners' allegations of a SEQRA violation, it is "manifestly clear that the activity involved meets the criteria defining a particular class of type II actions" (Matter of Hazan v Howe, 214 AD2d 797, 799-800 [3d Dept 1994]). Local Law 16 constitutes a "local legislative decision[] in connection with" civil administrative enforcement proceedings, and thus, it is exempt from environmental review (6 NYCRR 617.5[c][33], [35]).
We have considered petitioners' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025